## ASH v. CONYERS.

### May 10, 1837.

*Rule to show cause why judgment should not be opened and fieri facias set aside.*

Where judgment had been entered against a defendant, while proceedings were pending on a *writ de lunatico inquirendo* in the Common Pleas, on which, a few days after the entry of the judgment, inquisition was found that the defendant was *non com. men.*, the court will open the judgment, so as to let in a defence, and set aside the execution issued on it.

But the court will order the judgment to stand as a security until further proceedings.

THIS was an action brought to March term, 1837. The plaintiff filed his copy, &c. under the act of 28th March, 1835, and on May 20, 1837, took his judgment for want of a sufficient affidavit of defence. On the 10th of May, 1837, a writ *de lunatico inquirendo* against the defendant issued, and commissioners were appointed in the Court of Common Pleas.

On May 22, 1837, inquisition was found, declaring the defendant to be *non comp. mentis.*

And now this rule was obtained to open this judgment and set aside the *fieri facias.*

*Traquair*, for the rule.

PER CURIAM.—The act of 28th March, 1835, is peremptory that judgment shall be rendered for want of an affidavit of defence, on or at any time after the third Saturday succeeding the return day of the writ, if the plaintiff has complied with its requisitions in filing a copy of his claim, in the cases prescribed by the act. A statute, however, has relation to the general principles of the law, and it is only presumed to operate in cases where the parties are competent to appear in a court of justice: that is to say, not being infants, (necessaries being out of the question,) *feme coverts*, insane, and the like. Upon ascertaining that the process has been served upon parties destitute of legal capacity, on timely application, the court will revise their proceedings. In this case, it appears that proceedings were pending in the Common Pleas, as to the lunacy of the defendant, while

[Ash v. Conyers.]

the suit was progressing in this court, and but a few days intervened between judgment here, and inquisition found as to the lunacy in the Common Pleas. This court, therefore, grant this application on the ground that at the time the proceedings in this court were taking place, the defendant was *incapable* of being a party in the eye of the law, as found by the inquest in the Court of Common Pleas. That no injury may be done, however, we order that the judgment shall stand as a security, until the plaintiff shall think proper to proceed (*vide* 29 *E. C. L. R.* 142) in such form as shall present the question, whether the defendant or his estate are responsible on the original contract, by virtue of his sanity at the time it was entered into.

Rule absolute, but judgment to stand as security.