# Crane v. Lynch, Appellant.

*Deed—Boundaries—Stream.*

Where a deed describes land as lying on the west side of a creek, but does not call for the creek as a boundary, it cannot be inferred that the creek is the eastern boundary line of the land. Land may lie on the west side of a creek, and not include the bank of the creek.

*Actions—Parties—Practice, C. P.—Trespass.*

Where an adult and a minor are joined as defendants and joint tort feasors in an action of trespass q. c. f., and it is not discovered until after the verdict that one of the parties is a minor, the court may enter a nolle prosequi as to the minor, and permit the verdict and judgment to stand against the other defendant.

Argued Jan. 9, 1905. Appeal, No. 63, Jan. T., 1905, by defendant, from judgment of C. P. Monroe Co., Feb. T., 1904, No. 1, on verdict for plaintiff in case of William B. Crane and Frank S. Crane, trading as Crane Brothers, v. Thomas M. Lynch. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass quare classum fregit.   Before STAPLES, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $10.00.   Defendant appealed.

*Errors assigned* were (1–8) various instructions, quoting them ; (9) in entering a nolle prosequi for James Lynch.

*M. J. Martin*, with him *John B. Williams* and *George M. Watson*, for appellant.—The grant of land bounded upon a stream not navigable extends to the middle of the stream : Fulmer v. Williams, 122 Pa. 191 ; Cox v. Freedley, 33 Pa. 124 ; Howard v. Ingersol, 54 U. S. 381 ; Paul v. Carver, 24 Pa. 207, and 26 Pa. 223.

The case was submitted to the jury as a joint tort ; the verdict rendered as a joint verdict against James Lynch and Thomas Lynch.   Motion to set aside the verdict was refused by the court below after argument on rule for new trial.   This case is decided in the case of Sliver v. Shelback, 1 Dallas, 165, and affirmed in Mercer v. Watson, 1 Watts, 330, and also discussed and followed in Moore v. McEwen, 5 S. & R. 373, and the same principle laid down in Knox v. Flack, 22 Pa. 337 ; Mitchell v. Spaulding, 20 Pa. Superior Ct. 296.

*A. Mitchell Palmer*, with him *A. Raiguel Brittain*, for appellees.

OPINION BY MORRISON, J., March 14, 1905 :

In this action of trespass q. c. f. there was a verdict and judgment thereon in favor of the plaintiffs for $10.00 and the defendant promptly appealed to this court.

The defendants set up title and possession of the small piece of land in question first under a deed dated October 11, 1875. The plaintiffs claimed title to this land under another deed from the common source of title.   The important question in dispute was whether the defendant's land had for its eastern boundary the Tobyhanna creek.   The description in the deed reads : " All that lot or piece of land in Coolbaugh township,

on the west side of the Tobyhanna creek and lying between the Delaware, Lackawanna and Western Railroad and the Drinker turnpike; beginning at a stone, thence south 42½° west, 36 perches to a post and stones, thence south 47½° east, 41 perches and 4 links to a post, thence north 72° east, 5 perches and 1 link to a post, thence north 7° east, 37 perches and 4 links to a post, thence north 44½° west, 22 perches to the place of beginning, containing 7 acres and 11 perches, more or less."

The contention of the defendants is that this description and the draft which accompanied the deed, made the Tobyhanna creek the eastern boundary of this land. On the other hand, the plaintiffs contend that the land did not extend to the creek and was never intended to include all of the land of the grantors on the west side of said creek. In order to have the defendant's deed include the disputed land it must be found that the east line was a meandering line following the courses of the creek. The learned court fairly submitted the question of whether or not the defendant's deed included the land in dispute to the jury upon all of the evidence, written and oral. In this we think the court went to the limit, if not over the line, in favor of the defendants. The jury evidently found against the defendant's contention on this point and surely the defendant has no just ground of complaint. We strongly incline to the opinion that the court would have been justified in holding, as a matter of law, that the deed and draft did not carry the defendant's line to the creek. The description does not call for the creek; nor do we think the draft and deed indicated a meandering line. We do not believe, under all of the evidence, that it was ever intended to convey to the defendant the land along the meandering line of the creek.

In addition to the defendant's paper title, an attempt was made to show title by twenty-one years' open, notorious, visible, adverse, continuous and exclusive possession of the land in dispute. Upon this question a mass of conflicting testimony was referred to the jury and the court submitted it in a charge which is manifestly fair and the jury having also found against the defendant on this point, nothing remained but to assess the damages. It was and is conceded, that the defendant and the plaintiffs have paper titles to adjoining lots from a common source of title. That is, the defendant's east line and the plain-

tiff's west line is the same. The disputed point being whether this line included all of the land west of the creek in defendant's deed or whether it was some distance west of the creek.

The defendant's conveyance being the oldest, when his line is fixed on the ground, it must be conceded that plaintiff's west line and defendant's east line would be identical where the conveyances cover all the land of the grantor at this point. In appellant's history of the case and argument it is contended that the defendant's land is by the deed and draft shown to be on the west bank of the Tobyhanna creek. This is a mistake. The language is on the west side of the Tobyhanna creek. In our opinion there is a manifest difference in describing land as on the west bank of a creek and on the west side of it. Land might lie on the west side of a creek and not include the bank of the creek.

This action was brought against Thomas M. Lynch and James Lynch jointly. A general appearance was entered and a plea of not guilty for both defendants. During the trial it was discovered that James Lynch was a minor and after verdict the court directed the plaintiffs to enter a nolle prosequi as to him. This left the verdict and judgment to stand against Thomas M. Lynch. This action of the court is assigned for error, but we do not see any merit in it. The plaintiffs might have sued Thomas M. Lynch alone and it would have been no defense for him to have set up that the tort for which he was sued was joint, that is, that someone not sued assisted him in the trespass. " It is not necessary to sue all the parties guilty of committing a tort, for joint wrongdoers are liable jointly and severally : " Wiest v. Traction Co., 200 Pa. 148.

Section 570 of Troubat and Haly's practice reads : " In actions founded upon torts against several defendants, the plaintiff may enter a nolle prosequi as to some of them, and proceed against the others, at any time before final judgment, even although they all join in the same plea, and be found jointly guilty ; and, a fortiori, he may do so, where they plead severally. The reason of this seems to be, because such actions, being in their nature joint and several, as the plaintiff might, therefore, have originally commenced his action against one only, and proceed to judgment and execution against him alone ; so he may, after verdict against several, elect to take

his damages against either of them." See Ward et al. v. Taylor, 1 Pa. 238.

In considering this question we have not overlooked the cases beginning with Dutton v. Landsdowne Borough, 198 Pa. 563 ; Goodman v. Coal Twp., 206 Pa. 621 ; John v. Phila., 19 Pa. Superior Ct. 277 and Shaughnessy v. Pittsburg, 20 Pa. Superior Ct. 609. In Wiest v. Traction Co., 200 Pa. 148, it was said : " That when a plaintiff in an action of trespass to recover damages for negligence, declares for a joint tort and the evidence shows no joint action by the defendants, a verdict and judgment against one defendant for a separate tort should not be permitted."

We think the present case is clearly distinguishable from the line of cases above referred to. It is a joint action against Thomas M. Lynch and James Lynch. They are declared against jointly ; the evidence clearly shows that they acted jointly in committing the trespass ; the plea was for both and the verdict was against both and was strictly in accordance with the declaration and the evidence. This was all regular. But during the trial it developed in evidence that James Lynch was a minor and that he was not represented in the case by a guardian. Thereupon the court entered a nolle prosequi as to him and granted judgment on the verdict as against the other defendant. In our opinion this was regular and we find nothing in any of the cases requiring a reversal of the judgment for this reason. The result of this trial and judgment is as to Thomas M. Lynch, precisely the same as if he had been sued alone. And this upon all the authorities would have been legal. It nowhere appears in the record that counsel for Thomas M. Lynch raised any question as to the infancy of James Lynch until after the verdict had gone against both defendants.

But the learned counsel for defendants had one more breastwork behind which to take a stand. That is the court submitted the question of damages to the jury so that the verdict may be composed of both compensatory and punitive damages, and if the jury included in the verdict punitive damages, by way of punishment to the defendants, for this joint trespass, the nolle prosequi as to the one leaves all of the punitive damages resting upon the other. There are two answers to this proposition : (1) The verdict appears to be for the lowest

amount of compensatory damages proved; and (2) if this were not so we would feel justified in applying the maxim de minimis non curat lex.

The assignments of error are all dismissed and the judgment is affirmed.