## Gillespie et ux. *v.* Pennsylvania Co., Appellant.

*Negligence—Affidavit of defense—Facts not denied admitted— Practice, C. P.—Act of May 14, 1915, P. L. 483—Evidence—Damages—Contributory negligence.*

1. Under sections 6 and 13 of the Practice Act of May 14, 1915, P. L. 483, where no affidavit of defense has been filed to a state-

ment of claim which avers injury or death by the negligent act of the defendant, the plaintiff need not prove whose negligence was the cause thereof, and defendant will not be permitted to contest that question; but the proofs must show that the injury or death resulted from actual negligence of the character averred in the statement of claim, that plaintiff was damnified by reason thereof, and the extent of his damage.

2. Since the act does not deal with the subject of contributory negligence, all matters relating thereto, whether substantive or procedural, remain unaffected by its passage.

Argued October 19, 1921.    Appeal, No. 186, Oct. T., 1921, by defendant, from judgment of C. P. Allegheny Co., July T., 1918, No. 1915, on verdict for plaintiffs, in case of Thomas Gillespie et ux. v. Pennsylvania Co. Before FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ.    Affirmed.

Trespass for death of plaintiffs' son.    Before FORD, J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $5,000.    Defendant appealed.

*Error assigned,* inter alia, was refusal of defendant's motion for judgment n. o. v., quoting record.

*Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*R. P. Marshall* and *M. R. Marshall,* for appellee, not heard.

OPINION BY MR. JUSTICE SIMPSON, January 3, 1922:

Plaintiffs sued to recover damages for the death of their son, alleging, in their statement of claim, that the defendant "operated trains over tracks across Spruce Street" in the City of Pittsburgh, and while decedent was walking along that street "the servants of the defendant, in the performance of their duties, so negli-

gently operated an engine and cars on one of said tracks crossing said Spruce Street, that the cars struck [the boy] and dragged him and killed him." No affidavit of defense was filed.

At the trial, after the introduction of testimony tending to show negligence resulting in the death, the foregoing extract from the statement of claim was offered in evidence, for the purpose of charging defendant therewith, and was admitted without objection, a verdict was rendered for plaintiffs and, from the judgment entered thereon, defendant appeals, asking us to determine only: "Whether it is sufficient to fasten liability upon a defendant in an action of trespass, to offer an averment of the statement of claim that defendant's train was the instrumentality, when the testimony shows that a train in the position described by plaintiffs could not have been defendant's?" Taken literally, we would be compelled to say this would not be sufficient, but the point to be considered is not exactly as stated, it simply is: Given the fact that the proofs were sufficient to enable a jury to find defendant was killed by the negligent operation of some train, does the foregoing averment of the statement of claim, unanswered by an affidavit of defense, operate as an admission it was defendant's train? Thus stated there would seem to be no room for substantial dispute.

By section 6 of the Practice Act of May 14, 1915, P. L. 483-4, it is provided: "Every allegation of fact in the plaintiff's statement of claim......if not denied specifically or by necessary implication in the affidavit of defense......shall be taken as admitted,......except as provided in section 13," and in certain other specific exceptions having no relevancy here. Section 13 provides: "In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if

not denied, shall be taken to be admitted in accordance with section six; the averments of the other facts on which plaintiff relies to establish liability, and averments relating to damages claimed or their amount, need not be answered or denied, but shall be deemed to be put in issue in all cases unless expressly admitted."

It is clear, if these' sections are to be given any effect in this case, it. must be taken as admitted that "the servants of the defendant, in the performance of their duties, so negligently operated an engine and cars...... that the cars struck" decedent and killed him.

Under the act, those cars' were "the vehicle, machinery, property or instrumentality involved," "the persons by whom" they were operated, when the accident happened, were in the "employment" of defendant and acting for it, and hence the question really raised on this appeal must be answered favorably to appellee.

It is claimed that a different conclusion was reached in Flanigan v. McLean, 267 Pa. 553, and Fleccia v. Atkins, 270 Pa. 573 (in each of which an affidavit of defense was not filed), but the exact reverse is true. In the first of these cases we said: "The failure to file an affidavit of defense in the present case constitutes an admission by defendant that the instrumentality charged with the accident was their truck, doing their business and in charge of their chauffeur, but the burden is still upon plaintiff to prove the accident and other facts necessary to support his case." In Fleccia v. Atkins, supra, we said: "While the absence of an affidavit of defense relieved plaintiff of the burden of proving that the person alleged to have caused the brick to fall was employed by defendant [and] that the latter was in temporary possession of the building and doing work thereon, the Practice Act cannot be construed to admit the specific act of negligence, to wit, the careless act of permitting the brick to fall." The exceptions thus specified have been met by the proofs in this case,

and hence, so far as they are relevant, they are authorities against and not for appellant.

In McGlinchey v. Steigerwald, 73 Pa. Superior Ct. 520-523, where also no affidavit of defense was filed, the act is correctly, though perhaps too tersely, interpreted as follows: "We think the two sections taken together provide that all facts alleged by plaintiff must be traversed by the defendant except such as show his negligence or prove the damages"; that is, where no affidavit of defense has been filed, plaintiff need not prove whose negligence caused the injury or death of which complaint is made, and defendant will not be permitted to contest that question, but the proofs must show that the injury or death resulted from actual negligence of the character averred in the statement of claim, that plaintiff was damnified by reason thereof, and the extent of his damages.

It should be added, however, in order to avoid misapprehension, that since the Practice Act of 1915 does not deal with the subject of contributory negligence, all matters in relation thereto, both substantive and procedural, remain unaffected by its passage.

The judgment of the court below is affirmed.