## Burris v. Kain.

*Judgments—Rule to open—Warrant of attorney—Legal capacity of lunatic—Confession of judgment by lunatic.*

1. Where judgment has been entered upon a judgment note against one who had previously been adjudged a lunatic, the court will open the judgment so entered upon petition of the committee of the lunatic to allow the committee to show whatever defence there is to the claim of the plaintiff.

2. One who has been adjudged a lunatic is legally dead while he remains in that status, and is destitute of legal capacity to execute a warrant of attorney.

Rule to open judgment. C. P. Dauphin Co., Sept. T., 1917, No. 164.

*Sumner S. Bowman,* for rule; *W. Justin Carter,* contra.

WICKERSHAM, J., March 2, 1922.—It appears from the record in this case that Elias Kain, on Sept. 11, 1916, executed and delivered to William H. Burris his note for $781.49, payable one day after date. Said note contained a warrant of attorney to confess judgment, and on July 5, 1917, judgment was entered thereon in the Court of Common Pleas of Dauphin County to No. 164, September Term, 1917, and a writ of *fieri facias* was issued upon said judgment to No. 12, September Term, 1917, on the execution docket of this county.

On Aug. 14, 1917, Harry M. Fairchilds presented his petition, setting forth that by an order of this court dated Nov. 20, 1916, he was appointed committee of the person and estate of the above named defendant, Elias Kain, and that he subsequently qualified as such committee by giving a bond as required by the court and by accepting the appointment, and since that time, and at the time said petition was presented, he was acting as such committee of the said defendant, Elias Kain.

From the record it appears that proceedings *de lunatico inquirendo* in the matter of Elias Kain were commenced in this court to No. 480, September Term, 1916, which proceeding came on to be heard before E. Leroy Keen, Esq., commissioner, and a jury summoned by the Sheriff of Dauphin County; that, after a full and complete hearing, the inquisition reported Oct. 2, 1916, finding the said Elias Kain to be a lunatic, whereupon, on Nov. 20, 1916, this court appointed Harry M. Fairchilds, of Millerburg, committee to take charge of the person and estate of said Elias Kain.

It thus appears from the records of this court that, at the time judgment was entered upon said note to the number and term above stated, Elias Kain was a lunatic and his person and estate were in the hands of a committee appointed by this court; in other words, Elias Kain, at the time judgment

Burris v. Kain.

was entered, was legally dead. We think that, at the time of the entry of the judgment upon the warrant of attorney contained in the note of Elias Kain, he was destitute of legal capacity—he had already been declared a lunatic—and, therefore, the said judgment should be opened so as to let in whatever defence the committee of said lunatic may have to offer. No harm can be done by opening the said judgment, as the plaintiff or his representatives can appear before the court and have his case passed upon by a jury, and the committee of the lunatic can also be present to show forth whatever defence there is to the claim of the plaintiff. The rule granted in this case to show cause why the judgment should not be opened is, therefore, made absolute: Ash v. Conyers, 2 Miles, 94.

From William Jenkins Wilcox, Harrisburg, Pa.