## Dei *v.* Stratigos, Appellant.

*Negligence—Fall of smoke stack—Contractor—Injury to employee of co-contractor—Evidence—Case for jury—Res ipsa loquitur.*

1. Where an operation which causes an injury is shown to be under the management of a contractor in a building operation, and the accident is such as in the ordinary course of things does not happen if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on the contractor for an injury to an employee of another contractor.

2. In such case the burden is on plaintiff to show something more than the mere happening of an accident. The evidence must show negligence for which defendant was responsible.

3. This need not be shown by direct proof; it may be inferred from a set of circumstances which permits but one conclusion, that is, that the contractor was negligent.

Argued September 29, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 67, March T., 1926, by defendant, from judgment of C. P. Allegheny Co., July T., 1923, No. 57, on verdict for plaintiff, in case of C. J. Dei v. George N. Stratigos. Affirmed.

Trespass for personal injuries. Before SHAFER, P. J. The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was, inter alia, refusal of judgment for defendant n. o. v., quoting record.

*William B. Secrist,* for appellant.—The doctrine of res ipsa loquitur does not apply: Sterns v. Spinning Co., 184 Pa. 519; Zahniser v. Torpedo Co., 190 Pa. 350; Johns v. R. R., 226 Pa. 319; Joyce v. Black, 226 Pa. 408; Kahn v. Electric Light Co., 238 Pa. 70; Direnzo v. Bridge & Iron Works, 265 Pa. 561; Wojciechowski v. Sugar Refining Co., 177 Pa. 57; Spees v. Boggs, 198 Pa. 112; McDonnell v. Orinoka Mills, 241 Pa. 61; Kumke v. Kid Co., 244 Pa. 126; Ceen v. Ship & Engine Building Co., 249 Pa. 415; Brown v. Electric & Mfg. Co., 256 Pa. 403.

There was no proof of negligence.

*C. James Tannehill,* with him *Rody P. & Meredith R. Marshall,* for appellee.—The case at bar seems to be very similar, in many respects, to the following cases: Fitzsimmons v. Rapid Transit Co., 56 Pa. Superior Ct. 365; Dougherty v. Rapid Transit Co., 257 Pa. 118; Janock R. R., 252 Pa. 199.

OPINION BY MR. JUSTICE KEPHART, November 22, 1926:

Appellant was engaged to place a smokestack on a building. The stack was one hundred feet long, four feet in diameter and weighed fifteen thousand pounds. It was to be raised from a horizontal position on the

ground to a vertical one on the roof. For this purpose the defendant used a gin pole, 60 feet in length, made of piping of graduated sizes. It stood on two planks laid flat on the roof, close to where the smokestack was to rest. Guy lines attached to the top of the pole were fastened at the other ends. The rope, from the block and tackle at the top, was looped around the smokestack above the middle, and the stack was raised from the ground by means of a hand windlass. The work of raising was about finished and the stack was to be placed in position when it suddenly swayed, the guy lines broke, the pole kicked out at the bottom, plunging through a nine-inch brick parapet wall, and, with the stack, fell to the ground. In falling, a scaffolding on which appellee, an employee of another contractor, was working was knocked down. From the injuries received by the workman on the scaffold, this litigation has resulted. This appeal is from a judgment in his favor.

The single assignment of error raises the question as to the sufficiency of the evidence to sustain the charge of negligence. The burden was on the appellee to show something more than the mere happening of an accident. The evidence must show negligence for which this appellant was responsible. It was not necessary to show this by direct proof. It may be inferred from a set of circumstances which permits but one conclusion, i. e., that the contractor was negligent: Dougherty v. Phila. Rapid Transit Co., 257 Pa. 118.

When the operation that causes the injury is shown to be under the management of the owner and the accident is such as in the ordinary course of things does not happen if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on the defendant: Fitzsimmons v. Phila. Rapid Transit Co., 56 Pa. Superior Ct. 365.

The testimony here shows that this weight, while being raised, was to be protected against mishap merely by placing the base of the gin pole on two planks without

the pole being there guyed, braced or otherwise secured. The slightest swing of the stack out of line would cause the base to move or "kick out." This swinging occurred when one of the guys was loosened by defendant to permit the stack to swing in place. The boards, upon which the plank rested, showed the scoring caused by the pole when it slipped on its base. All this evidence, with inferences therefrom, was sufficient to carry the case to the jury. The court below did not err in refusing to take the case from the jury or grant a judgment.

The judgment of the court below is affirmed.