GEORGE M. LAFOE *et al., Respondents,* v. S. M. KOLMITZ *et al., Appellants.*[1]

*Eggerman & Rosling,* for appellants.

*Grosscup & Morrow* and *John Ambler,* for respondents.

MITCHELL, J.—This action was brought by Mr. and Mrs. La Foe for the recovery of damages for burns suffered by Mrs. La Foe while receiving a permanent wave in appellants' shop, alleged to have been caused by the negligence of the operator. The defenses were denial of negligence and charges of contributory negligence and assumption of risk, which charges were denied by a reply. Judgment was entered upon a verdict in favor of the plaintiffs, from which judgment the defendants have appealed.

[1]Reported in 18 P. (2d) 38.

■ The first contention is that Mrs. La Foe was guilty of contributory negligence that precluded any right of recovery. She testified:

"And so after having a shampoo and everything like that, they finally got to the place where they do your hair up on the rods or whatever they are, and then they put you in the machine, and while I was in the machine I kind of felt bad, kind of burning, and I said to the girl, 'My ears is awfully hot' and she lifted the little cells around and put some cotton on my ears and tried to keep it from burning. It kept burning, seemed like, felt so warm just around my ears. It wasn't my head at all. So she went away then getting some water or something and when she came back my ear started burning again so she lifted the little things up and tried to move them and put some more cotton around them and my ears felt kind of warm but she said they were not burning because nothing was touching my ears. So I didn't know how it could be, either, so I let it go at that and then when she turned the heat off it felt a lot better. And then you have another shampoo and then they give you a finger wave and while the girl was fixing the finger wave I put my hand at the back of my head because it felt so bad, and I could feel a little blister, and I told the girl I must have a burn; it was a big bump; and she looked at it and said it was caused by the hair being pulled so tight."

Her head was burned on both sides, rather badly in one place, for which injuries she was treated at the shop the next day, then by the shop's physician and later by another physician. The evidence clearly shows that she was obedient to directions in preparation for, and in receiving, the hair treatment. She also testified:

"Q. Were you advised or told by any of the attendants there to refer or call their attention to any unusual or excessive heat? A. Not that I remember, but I did just as soon as I felt that. I said it was warm. I don't remember that they said anything to remind them if it was."

On cross-examination, she said that probably the operator, while adjusting the "pads or discs or clamps" on the hair and head, did tell her to let her know if she felt any discomfort anywhere, to which admission she added, "and I did tell her when I felt the heat." The friend who was with Mrs. La Foe at the time, in testifying with reference to notice given by Mrs. La Foe to the operator, said: "A. I heard Mrs. La Foe say that her head was awfully hot and she thought she had been burned." At another time she said: "Her head felt awfully hot. Q. You are sure of that, are you? A. Yes."

The issue of contributory negligence was properly submitted to the jury.

Next, it is argued that Mrs. La Foe assumed the ordinary risks incidental to the giving of a permanent wave, that the result complained of was nothing more than an ordinary risk, and that the court erred in submitting that question to the jury. The proof is substantial that Mrs. La Foe was unfamiliar with such hair treatments, having received only two before; she had never studied the business or received any instructions in it, and knew scarcely anything about the structure and different parts of the machine used in the treatment. She did know that electricity was used, and, of course, that it would burn if not properly handled. But the operator who gave the treatment testified that a "burn is something unusual."

The proof further shows that, while electricity is being used in the treatment, it is the duty of the operator to remain by the side of the customer; and certainly the question of the assumption of risk, if applicable at all in a case of this kind, cannot be taken from the jury where, as here, the operator left the customer for an appreciable length of time as the burns

occurred, as will be more fully noticed in discussing the question of the primary negligence of the appellant.

■ Appellants contend there was no proof of negligence against them. Mrs. Osburg, manager of the establishment at the time in question, testified:

"Q. Where does the operator remain while the heat is being applied during the treatment? A. She is with the customer. . . . Q. Does the particular operator have a particular machine on which a person is receiving treatment, does she stand right by all the time? A. Yes, she does. Q. Is she supposed to leave at any time? A. No."

Accordingly, Miss Lorenson, the operator in the case, testified: "Q. Where did you remain during the time the heat was being applied? A. Right by her side."

But Mrs. La Foe, in addition to what she testified, as heretofore mentioned, as follows:

"So she [the operator] went away then getting some water or something, and when she came back my ear seemed burning again so she lifted the little things up and tried to move them", etc.,

further testified upon this subject as follows:

"Q. Now, that girl operator stood by you there during the entire time the heat was being applied, did she not? A. No, I think she went away once to get some wash or water. Q. She was just away for a minute? A. Yes. Q. In connection with something needed for you? A. Yes. Q. But outside of that she remained at your side? A. No, she went to get this for somebody else. They had another girl in the meantime, fixing her hair to get ready to put in the other machine. Q. She wasn't gone but a second, was she? A. Just a minute or two."

Without doubt, the jury were at liberty to believe the testimony against the appellants, and that it was sufficient to establish negligence. Such, in effect, was the holding in *Lesick v. Proctor,* 300 Pa. 347, 150 Atl. 618,

which was similar to the present case. In that case, Mrs. Lesick was burned while receiving a permanent wave. There was testimony that an electric current if left on over fifteen minutes would likely cause a burn; that the attendant or operator should always stay in the room to watch the apparatus, which was not done in that case, and that therefore the exact time the current stayed on was not shown. It was also shown that another attendant moved a live wire that might have contributed to the accident. In reversing a judgment of nonsuit in favor of the defendant in that case, the court, after referring to the absence of the attendant at the time the live wire was moved as tending to show negligence, said:

"In addition, there was proof that, where the operation here in question is properly performed no harm results to the customer. It must be kept in mind that the defendant had control of the entire process and the instrumentalities employed therein. Under such circumstances very slight proof of defendant's negligence is sufficient to take the case to the jury. 'When the operation that causes the injury is shown to be under the management of the owner and the accident is such as in the ordinary course of things does not happen if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on the defendant.' *Dei v. Stratigos,* 287 Pa. 475, 477 [135 A. 111, 112] *Fitzsimmons v. P. R. T. Co.,* 56 Pa. Superior Ct. 365.''

With respect to all the defenses in the present case, the evidence required, in our opinion, that the case be submitted to the jury.

The refusal to give certain requested instructions and the giving of others to which exceptions were taken are criticized and assigned as errors. The instructions involved are long, and need not be set out. They appear upon examination to have been fair and complete. Requested instructions·denied were sufficiently

covered by others that were given, while those given to which exceptions were taken seem to have been essential and proper, considering the different substantial contentions and theories of the parties at the trial.

Judgment affirmed.

TOLMAN, HOLCOMB, PARKER, and MILLARD, JJ., concur.

[No. 24082.   Department One.   January 24, 1933.]