Lang *v.* Casey et ux., Appellants.

Argued March 24, 1937.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Wesley A. Moffat,* for appellants.

*Arthur I. Zeiger,* for appellee, was not heard.

PER CURIAM, April 19, 1937:

Appellee recovered a verdict against the appellants, husband and wife, as damages for the wrongful death of her husband due to the unlawful conduct of appellants in furnishing him intoxicating liquor, though he was known by them to be a man of intemperate habits. The questions involved here raise but one issue—whether there was sufficient evidence to sustain the findings that the deceased was known to defendants as a person of intemperate habits and was furnished intoxicating liquors by them which caused his death, and that appellants were engaged in a joint business enterprise. No other questions have been presented for our review.

It was not disputed that the act of furnishing intoxicating drinks to a person who is intoxicated or of known intemperate habits renders the one supplying the liquor liable for the proximate results thereof, and the recipient is not guilty of contributory negligence by accepting and consuming the intoxicant. Cited in support of this rule were the following: Act of May 8, 1854, P. L. 663, Section 3; *Fink v. Garman,* 40 Pa. 95; *Davies v. McKnight,* 146 Pa. 610; *Wilson v. Hess,* 77 Pa. Superior Ct. 515; *Bier v. Myers,* 61 Pa. Superior Ct. 158. There is abundant evidence to find that the deceased was furnished intoxicating liquor at appellants' place of business, where they conducted a speakeasy which they had operated for some time prior to the evening of the accident in 1932. The place was fitted up with a bar, beer was on draught, and intoxicating liquors were served there. We need not review the evidence; it was for the jury.

Appellants did not file an affidavit of defense to appellee's statement of claim, which recited, "on or about the 23rd of November, 1932, . . . the defendants . . . unlawfully maintained . . . a so-called 'speakeasy,' to wit: a house and place for the selling, furnishing,

procuring and dispensing of intoxicating liquor." Though objected to, appellee was entitled to have this part of the affidavit read in evidence as an admission that the business was owned and conducted as a joint enterprise: see Practice Act of 1915, P. L. 483, Section 13; *Buehler v. U. S. Fashion Plate Co.*, 269 Pa. 428. This alone was sufficient to sustain the finding of joint ownership, although appellants offered other evidence from which the jury could find that fact. We discuss no other legal problems.

The judgment of the court below is affirmed.