Opinion by
 

 Stadteeld, J.,
 

 This was an action in trespass brought on February 15, 1935, by Gertrude N. Benz against Florence V. Heckman and Oswald Heckman, individually and co-partners, trading as Jade Beauty Shoppe, to recover damages for personal injuries alleged to have been sustained while receiving a treatment at defendants’ shop as a result of negligence of defendants in the operation. The summons was personally served on both defendants.
 

 Plaintiff’s statement of claim averred, inter alia: “2d. The Defendants, Florence V. Heckman and Oswald Heckman, are individuals and partners trading as the Jade Beauty Shoppe, and own, operate, lease, manage and control hair dressing and beauty parlors in and about the City of Pittsburgh, County of Allegheny and State of Pennsylvania, and particularly at 301 Shiloh Street, Mt. Washington, in said City of
 
 *584
 
 Pittsburgh, and through Florence Y. Heckman in said hair dressing and beauty parlorsi give permanent waves to the hair of those contracting for the same.
 

 “3d. That on or about the 17th day of January, A. D., 1934, the Plaintiff above named, pursuant to an appointment made by her with the Defendants, through the said Florence Y. Heckman, then and there engaged in the business and for the purposes of the respective Defendants, was given a permanent wave known as a ‘Croquiñol Wave,’ or by some other name, for which the said Plaintiff paid the usual charges and said Plaintiff was lawfully in said beauty shop of the Defendants located at 501 Shiloh Street, Mt. Washington, Pittsburgh, Pa., for the aforesaid purpose.”
 

 No affidavit of defense was filed.
 

 The case came on for trial before the court, Smith, J., and a jury? on September 21, 1937 and resulted in a verdict against defendants in the sum of $850.
 

 Binding instructions were refused and motion for judgment non obstante veredicto overruled. This appeal, by Oswald Heckman of defendants, followed.
 

 There are fifteen assignments of error. There are only a few which require special notice.
 

 The first assignment relates to the admission in evidence of paragraph second of plaintiff’s statement quoted supra.
 

 The second assignment relates to the permission of an amendment to plaintiff’s statement correcting an error therein as to the location of defendant’s place of business.
 

 The fourth assignment relates to the refusal of the court to direct that no verdict can be found against Florence V. Heckman, because of the alleged fact that she was, on May 12, 1936, committed to Mayview.
 

 The eleventh assignment of error relates to the refusal of binding instructions.
 

 
 *585
 
 The twelfth assignment of error relates to the refusal of judgment non obstante veredicto.
 

 As to the admission of paragraph second of the statement of claim, this paragraph, as amended, was introduced into evidence to prove the partnership of the appellants, who; failed to file an affidavit of defense denying the same. The failure of the appellants to file an affidavit of defense admitted the said partnership, and this admission of the partnership is upheld by the law and decisions of the courts of Pennsylvania, as provided in Section 13 of the Act of 1915, P. L. 483, which is as follows: “In actions of trespass the averments, in the statement, of the person by whom the act was committed, the agency or employment of such person, the ownership or possession of the vehicle, machinery, property or instrumentality involved, and all similar averments, if not denied, shall be taken to be admitted......”
 

 The latest case on this subject is
 
 Lang v. Casey,
 
 326 Pa. 193, 191 A. 586, where the court in a per curiam opinion stated: “Appellants did not file an affidavit of defense to appellee’s statement of claim, which recited, ‘on or about the 23d of November, 1932 ...... the defendants......unlawfully maintained......a so-called “speakeasy,” to-wit: a house and place for the selling, furnishing, procuring and dispensing of intoxicating liquor.’ Though objected to, appellee was entitled to have this part of the affidavit read in evidence as an admission that the business was owned and conducted as a joint enterprise: see Practice Act of 1915, P. L. 483, Section 13;
 
 Buehler v. U. S. Fashion Plate Co.,
 
 269 Pa. 428. This alone was sufficient to sustain the finding of joint ownership,......”
 

 To the same effect is the case of
 
 McGlinchey v. Steigerwald,
 
 73 Pa. Superior Ct. 520, wherein our court, through Judge Trexler, said at p. 523: “We think the two sections (sees. 3 and 13 of the act) taken together
 
 *586
 
 provide that all facts alleged by plaintiff must be traversed by the defendant, except snch as show his negligence or prove the damages.”
 

 In addition, appellant, in his own testimony, admitted that he and his wife, his co-defendant, had registered in the Prothonotary’s Office under the Fictitious Name Act as doing business as “The Jade Beauty Shoppe.”
 

 The amendment allowed by the court, changing the address or location from 501 Shiloh St. to 301 Shiloh St. was proper. The statement of claim may be amended, after the expiration of the time fixed for the institution of suit, by changing the location of the place where the insured was injured, since such amendment does .not change the substance of the cause of action or the character of the evidence necessary:
 
 Schladensky Ex. v. Cont. L. Ins. Co.,
 
 104 Pa. Superior Ct. 191, 159 A. 195.
 

 As to the fourth assignment of error, relating to the refusal to direct a verdict in favor of Florence Y. Heck-man because of her alleged mental incapacity, it might suffice to say that there has been no appeal and there is no complaint on her behalf. It is true that Oswald Heckman, appellant, testified that Mrs. Florence V. Heckman is in Mayview at the City Home and Hospital, but there was no definite proof for what reason she is there. She was never declared mentally incompetent by the court, and even in appellant’s first statement of questions involved, appellant states that Florence Y. Heckman is in an institution, for injuries received in a beautifying process. Under no circumstances could this be considered in defense of the recovery ¡against appellant, an admitted partner in the business in which the injuries were sustained.
 

 As to the refusal of binding instructions and failure to enter judgment non obstante veredicto, based on alleged absence of evidence establishing negligence, it
 
 *587
 
 appears from the testimony that the appellee on January 17, 1934, pursuant to an appointment with the Jade Beauty Shoppe, being operated by Florence Y. Heckman and Oswald Heckman, went to the said place, located at 301 Shiloh St., Mt. Washington, Pgh., Pa., where she received a permanent wave known as a “Croquiñol Wave,” and the operator of the machine was Florence V. Heckman. The said operator of the machine busied herself about the room with telephone calls and other work and neglected to take care of the appellee, who was under the permanent waving machine and she (Florence Y. Heckman) ignored the complaints of appellee when informed that she was being burned. The only thing the operator of the machine did was to tell appellee to put a towel between the machine and appellee’s head, and Florence Y. Heckman continued to .work around the room, without giving appellee further assistance or turning off the heat. The evidence justified a finding that Mrs. Heckman was negligent in allowing Mrs. Benz to remain under the machine after she complained that she was being burned, and was further negligent in busying herself about the room when she should have constantly attended the appellee during the time of the operation of the machine.
 

 In the case of
 
 Lesick v. Proctor,
 
 300 Pa. 347, 150 A. 618, the Supreme Court, in an opinion by Mr. Justice Walling, held that in an action against a woman’s hairdresser to recover for injuries suffered by a woman when she was having her hair permanently waved, the case is for the jury, where it appears that the accident was caused by assistants of defendant who carelessly managed the electric current, dislocating the wire and permitting it to be applied too long, and there is proof that where such operation is properly performed, no harm results to the customer. Quoting from that opinion on p. 350: “It must be kept in mind that the
 
 *588
 
 defendant had control of the entire process and the instrumentalities employed therein. Under such circumstances very slight proof of defendant’s negligence is sufficient to take the case to the jury. ‘When the operation that causes the injury is shown to be under the management of the owner and the accident is such as in the ordinary course of things does not happen if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on the defendant’:
 
 Dei v. Stratigos,
 
 287 Pa. 475, 477;
 
 Fitzsimmons v. P. R. T. Co.,
 
 56 Pa. Superior Ct. 365.......It is not that negligence is presumed in such cases but that the circumstances amount to evidence from which it may be inferred by the jury:
 
 Oil Co. v. Torpedo Co.,
 
 190 Pa. 350, 353. Not the mere fact of the accident, but the circumstances under which it occurred may give rise to a presumption of negligence.”
 

 After a careful examination of the entire record, we are all of the opinion that there was no error which justifies a reversal of the judgment.
 

 Judgment affirmed.