Benz *v.* Heckman (et al., Appellant).

Argued September 30, 1938.   Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Waldo P. Breeden,* for appellant.

*James T. Philpott,* with him *Harry A. Estep,* for appellee.

OPINION BY MR. JUSTICE STERN, December 5, 1938:

Plaintiff, in February, 1935, brought suit to recover damages for injuries alleged to have been sustained in a beauty parlor during the course of a treatment given her by defendant Florence V. Heckman. The statement of claim averred that the beauty shop was owned and operated by a partnership consisting of Florence V. Heckman and her husband Oswald Heckman, and suit was accordingly brought against them individually and as copartners. No affidavit of defense was filed. The case came on for trial in September, 1937. Counsel for plaintiff offered in evidence the paragraph of the statement which asserted the existence of the partnership. The court properly overruled defendants' objections, as this averment amounted to an allegation of mutual agency resulting from the partnership relation, and therefore was such an averment "of the person by whom the act was committed" and "the agency of such person" as, if not denied, is to be taken as admitted under section 13 of the Act of May 14, 1915, P. L. 483: *Gillespie v. Pennsylvania Co.*, 272 Pa. 393, 397; *Lang v. Casey*, 326 Pa. 193.

Before the introduction of testimony the attorney for defendants stated to the court that he had called the attention of plaintiff's counsel to the fact that Florence V. Heckman, on May 12, 1936, (that is, after suit brought but before trial), had been declared mentally incompetent and, on certificate of two physicians, committed to Mayview, and that "she is not, in the circumstances, a party on the record against whom a finding may be had either by verdict or any other order or judgment in the case." Nevertheless the court proceeded with the trial. Plaintiff testified to the occurrence which caused her alleged injuries. In charging the jury the court instructed them that if they found a verdict for plaintiff it should be rendered against both defendants individually and as copartners. The jury returned such a verdict, upon which judgment was entered. Defendant Oswald

Heckman appealed to the Superior Court, which affirmed the judgment: 131 Pa. Superior Ct. 582. An appeal was allowed to this court, and the question for present determination is whether the practice pursued by the trial court was, under the circumstances, a proper one and the verdict and judgment in favor of plaintiff validly obtained.

This problem arises only because defendant Florence V. Heckman had not, at the time of trial, been formally adjudged a lunatic. If such adjudication had taken place the committee appointed would have been brought on the record to represent her interests, and thus she would have been amply protected, especially as in that event plaintiff would have been incompetent to testify as to the alleged tort: Act of May 23, 1887, P. L. 158, sec. 5, cl. (e). But even in the absence of an adjudication of lunacy, a procedure cannot be approved which would permit a verdict to be rendered against a person who is insane and confined by law in an institution and consequently unable to appear and defend. It is true that at the trial in the present case complete legal proof of insanity was not demanded or produced, but the statement by counsel that Mrs. Heckman had been declared mentally incompetent and committed on the certificate of two physicians to Mayview, was at least sufficient to invite some form of judicial investigation, especially as the learned trial judge evidently accepted counsel's assertion as establishing the fact; in his charge to the jury he stated to them, by way of excusing her absence, that she had been declared mentally incompetent. There being no one on the record to represent her, it was the duty of counsel, and, failing its performance, the duty of the court, to see that this omission was supplied before proceeding with the trial of the cause. Protection could have been accorded either by continuing the case until a proceeding in lunacy might be initiated, or by the appointment of a guardian ad litem. There is even a question whether plaintiff herself was not charged with

the duty of having such an appointment made. By the Act of June 10, 1901, P. L. 553, it is provided that "In all . . . actions and proceedings whatsoever, whenever it shall appear to the court that any of the defendants . . . therein is a lunatic and has no committee, it shall be lawful for the plaintiff . . . to serve all writs, process, bills of complaint or citations upon one or more of the next of kin of such lunatic; and if no committee be appointed under existing laws, it shall be the duty of the plaintiff . . . upon or after the day upon which he might take judgment or decree by default against defendant . . . if he were of sound mind, to make application to the court in which action or proceedings are begun for the appointment of a committee ad litem for such lunatic, . . ." It thus appears that while service in a suit may be made upon the lunatic's next of kin, a judgment by default may not be taken until plaintiff applies to the court for the appointment of an ad litem representative of the insane defendant, and, while not identical with the present situation, there would seem, by analogy, to be little difference between proceeding to a verdict and judgment in a trial against an insane absent defendant and taking judgment by default for want of an appearance or the filing of a required pleading. Be this as it may, since both counsel in the present case neglected to apply for a guardian or committee ad litem, it was incumbent upon the court—the suggestion of Mrs. Heckman's lunacy having been placed upon the record— to suspend further proceedings until proper representation was provided or at least judicial inquiry made: *Alexander v. Ticknor,* 1 Phila. Rep. 120; *Ash v. Conyers,* 2 Miles 94.*

---

* An analogy may be found in the case of defendants who are minors. If the court sees that a minor is not represented by a guardian the proceedings must be held in abeyance until a guardian ad litem is appointed. It is not sufficient that the minor appears in person or by an attorney. Unless a guardian ad litem has been appointed, a verdict, judgment or decree will be set aside and

It is our conclusion, therefore, that since the court permitted the trial to advance to verdict against the wife defendant, and against the partnership in the assets of which she had title and interest as a partner, a new trial should be granted as to the wife and the partnership so that at such retrial her interests may be properly represented and safeguarded. It is true that she is not here an appellant, but, if insane, she was unable either to appeal or to authorize an appeal on her behalf, and it is the duty of this court, as it was that of the trial court, to protect her rights under the circumstances. The question then remains as to the status of the husband defendant who is the present appellant. Whatever may be said as to the technical validity of the judgment against him, his liability arises only from the partnership agency of his wife, she being allegedly the actual tort-feasor, and it would be anomalous and unjust to allow the present judgment to stand against him if, upon a retrial against the wife defendant and the partnership, there should result a verdict in their favor. Moreover, should proceedings be instituted and result in the wife being adjudged a lunatic, plaintiff would thereby be rendered incompetent as a witness, and the husband would properly be entitled to the protection which the Act of 1887 provides in that respect not only for a lunatic defendant but for a partner of the lunatic if, as here, the matter upon which the cause of action is based did not occur between such partner and the plaintiff.

The judgment against defendants is reversed and a new trial awarded.

a new trial or procedendo awarded: *Sliver v. Shelback,* 1 Dallas 165; *Moore v. McEwen,* 5 S. & R. 373; *Swain v. Fidelity Insurance, Trust & Safe Deposit Co.,* 54 Pa. 455; *Brown v. Downing,* 137 Pa. 569; *Mitchell v. Spaulding,* 206 Pa. 220, 224; *Crane v. Lynch,* 27 Pa. Superior Ct. 565; *Manning v. Baylinson,* 68 Pa. Superior Ct. 512; *Ohlweiler v. Ohlweiler,* 72 Pa. Superior Ct. 518, 522; *Camera & Radio Shop v. Zalewske,* 102 Pa. Superior Ct. 562; *Blouse v. Geesey,* 35 Pa. C. C. 181; *Guilian v. Grover,* 9 D. & C. 62; *Young v. Findley,* 31 D. & C. 630.