**6**

## Hershey v. Hershey

*John W. Beyer*, for libellant.
*Charles W. Eaby*, for respondent.

SCHAEFFER, P. J., October 29, 1943.—This is an action in divorce on the ground of desertion. The subpœna in divorce was served on respondent personally. Subsequently, a petition was presented by Clyde H. McKillips averring that he is the brother of respondent and that she is "non compos mentis" and is "mentally unable to defend" the action in divorce and that respondent has a just defense to the allegations set forth in the libel. Petitioner asked the court to appoint "a

committee to protect the interest of the respondent in this case", whereupon the court granted a rule to show cause why the same should not be done. A demurrer was filed to the petition, but since libellant's honorable discharge from the armed forces of the United States an answer has been filed to the petition denying the facts therein set forth and averring, inter alia, that respondent "is not non compos mentis and is not mentally unable to defend this action instituted against her, but on the contrary is normal mentally in all respects". This raises the issue whether or not respondent is an incompetent party to the divorce action. If so, she should be represented by some competent person to act as her guardian in this divorce proceeding.

The main question in controversy is one of procedure. Libellant contends that the mental condition of respondent should be determined by a commission in lunacy, whereas respondent takes the position that under the new Pennsylvania Rules of Civil Procedure the court should determine from the evidence to be presented to it whether the party is incompetent.

The Act of May 18, 1937, P. L. 719, sec. 1, relating to service in cases where respondent is a hopeless lunatic, or non compos mentis, or confined in an institution for mental treatment, is not applicable to the case at bar. A general appearance was entered for respondent in this case, which is "equivalent to personal service of the subpœna and libel": Act of July 10, 1935, P. L. 644. However, that is not controlling so far as it affects the final disposition of this case on its merits, if respondent is actually unable to appear and defend because of her mental condition. While it is not established as a fact, nevertheless the pleadings show and it was so stated at the oral argument that respondent in 1937 was committed to the Friends Hospital at Frankfort, Pa., for two or three months and, subsequently, to the Wernersville State Hospital at Wernersville, Pa. In the interest of justice and because the

Commonwealth is always an unnamed third party in any divorce proceeding, the court may consider it "at least sufficient to invite some form of judicial investigation": Benz v. Heckman et al., 332 Pa. 187, 190.

It has been decided and it is generally recognized that the Pennsylvania Rules of Civil Procedure apply to actions in divorce: Potter v. Potter, 43 D. & C. 413 (1941). In the Pennsylvania Rules of Civil Procedure, Rule 2051 defines an incompetent as follows:

" 'Incompetent' means a person who has a guardian or who is found by the court in the pending action to be an habitual drunkard, or a weak-minded person or a person of unsound mind. . . ."

In Goodrich-Amram Procedural Rules Service, sec. 2051-6(3), it is said:

"Where the incompetent has not been adjudicated incompetent and has no guardian for his person or estate. Here the court in which the action is pending must under Rule 2056(e) determine from evidence presented to it whether the party alleged to be incompetent is so in fact. There are no fixed limits to such evidence but the following situations are likely to be found with some frequency:

"(a) An habitual drunkard, weakminded person or person of unsound mind living at large like an ordinary person. . . .

"Whenever the court determines that a party to an action before it comes within any of these three categories, such person is an incompetent within the meaning of these rules and they apply to the action."

Rule 2056(e) provides that the finding of the court shall be based on (1) evidence presented to it, or on (2) an adjudication of incompetency entered by a court of competent jurisdiction.

Rule 2075(8) suspends expressly section 1 of the Act of May 4, 1921, P. L. 343, but does not suspend section 2 of that act, which provides:

"In all cases now pending or hereafter begun in any of the courts of this Commonwealth in which a weakminded person or lunatic is a party, any blood relative of such weakminded person or lunatic may intervene as a party in interest, with same force and effect as if originally served in such case."

It has been decided that this act is applicable to divorce proceedings: Wagenseller v. Wagenseller, 1 D. & C. 369; Wetzel v. Wetzel, 3 D. & C. 804; Mann v. Mann, 22 Berks 169.

The court concludes that the Pennsylvania Rules of Civil Procedure are applicable to this case and that evidence should be presented to this court to determine the competency or incompetency of respondent. As stated in Goodrich-Amram Procedural Rules Service, sec. 2056(e)-1:

"When all the testimony is presented, the court will determine, as a fact-finding body, whether the person is in fact incompetent. Since a finding of incompetency will deprive the party of control of his part in the action, the court will favor a finding of competency, and will place the burden of proof on the person alleging incompetency."

Before proceeding further with this case the issue of competency must be determined by the court. In Benz v. Heckman, supra, decided before the Pennsylvania Rules of Civil Procedure became effective, Mr. Justice Stern said:

"Protection could have been accorded either by continuing the case until a proceeding in lunacy might be initiated, or by the appointment of a guardian ad litem."

And now, October 29, 1943, the disposition of the demurrer and rule in this case is held in abeyance and the proceedings in divorce are stayed until the court adjudicates the competency or incompetency of respondent.