## Brink v. James Arthur Ashe Post, VFW

*C. H. Sipe* and *Harry C. Golden*, for plaintiff.
*Ward McCullough*, for defendant.

BRAHAM, P. J. (fifty-third judicial district, specially presiding), July 20, 1949.—It is the purpose of Pa.

R. C. P. 1018(*b*) and 1028 to require a party to raise all his preliminary objections at one time. These rules sometimes produce a variety of objections all lumped together; nevertheless, the rules serve to speed the cause, as this case demonstrates.

Plaintiff in the present action has sued in trespass alleging that defendant, a corporation which maintains a bar at its place of business, had on February 22, 1948, by "its servants, agents and employes", knowing the troublesome and quarrelsome character of one Hubert McGuire, permitted him to drink at the bar, and that McGuire, without cause, set upon plaintiff, struck him in the eye and injured him, plaintiff being a guest in defendant's premises.

Defendant endeavors in a fashion to raise three preliminary objections to this complaint: First, a motion to strike off; second, a demurrer and, third, a motion for a more specific complaint.

The averments intended to support the motion to strike off are mingled with those intended to support the demurrer. Careful examination of all discloses no reason for striking off the complaint. There is no requirement that plaintiff allege the purpose of defendant's incorporation or its nature and class. Both business and nonprofit corporations are specifically empowered to sue and be sued. If defendant has any defense arising out of its incorporation let defendant plead it. The averment that defendant maintained a bar where liquor was sold and where plaintiff was drinking when he was injured is a sufficient averment about defendant's "business". Plaintiff says he was a guest there and names the man whose guest he was. Nothing more is required on this score. The averment that plaintiff "had a legal right to be on defendant's premises" does involve a conclusion but it rests upon his being a guest of Frank Papurello and is in the nature of harmless surplusage: Sanders et al. v. Green

Spring Dairy, Inc., et al., 58 D. & C. 439; Buford, Exec., v. Tillia, 7 Lawrence 200, 202.

The demurrer tests the allegations of actionable fault. The complaint as drawn apparently relies upon the failure "to maintain order", "to afford proper protection to its guests", "to provide proper police measures and other precautions under the circumstances and to provide proper protection for plaintiff and other persons lawfully in said home and bar", as sufficient averments. In Rommel v. Schambacher, 120 Pa. 579, one drunken guest at a tavern set fire to another drunken guest. The Supreme Court by Gordon, C. J., stated the law to be:

"Where one enters a saloon or tavern, opened for the entertainment of the public, the proprietor is bound to see that he is properly protected from the assaults or insults, as well of those who are in his employ, as of the drunken and vicious men whom he may choose to harbor".

The decision in Rommel v. Schambacher rests upon the common-law liability of an innkeeper. Upon general principles the proprietor of an inn or restaurant is not an insurer but he must use due care to prevent injury of one patron by another: Annotation 106 A. L. R. 1003; Tyson et ux. v. Plymouth Country Club, 41 D. & C. 116.

In his brief plaintiff cites sections 601 and 643 of the Act of May 8, 1854, P. L. 663, 47 PS §§601, 643. The first of these sections makes it a misdemeanor to furnish liquor "by gift, sale or otherwise to any person of known intemperate habits". The second section imposes upon any person who furnishes intoxicating liquor to any person in violation of law civil liability for "any injury to persons or property in consequence of such furnishing". The case of Lang v. Casey et ux., 326 Pa. 193, both upholds this statute and answers another contention of present defendant by rejecting

the idea of contributory negligence. The annotation in 130 A. L. R. 352 asserts such liability upon the vendor of intoxicating liquor to a visibly intoxicated person without any statute.

Enough has been said to demonstrate the lack of any sound reason for sustaining a demurrer in this case or for striking off the complaint. This leaves for consideration the demand for a more specific complaint.

The reason for a more specific complaint numbered (a) relates to defendant's incorporation and is without merit. Defendant knows the facts of its own existence. Plaintiff's claim is not posited upon any feature of incorporation but upon keeping a bar.

Reason (b) is also without merit. It is enough for plaintiff to say he was a guest and to give the name of the man whose guest he was.

Reason (c) demands further facts about the previous trouble which Hubert McGuire had been in. Plaintiff is not obliged to plead his evidence. Pa. R. C. P. 1019(b) provides: "Malice, intent, knowledge, and other conditions of mind may be averred generally". When, therefore, plaintiff alleges that defendant knew of the violent and intemperate character of Hubert McGuire he has said all required. He has gone further and averred prior trouble in defendant's own barroom.

Reason (d) is without merit. If defendant wants to find out more about the condition of plaintiff's injured right eye he may have him examined by a doctor. Paragraphs 10 to 16, inclusive, give ample information about plaintiff's claim.

There is some merit to reason (e). Does plaintiff rely upon the common-law liability of an innkeeper or upon violation of the statute forbidding furnishing of liquor to persons of known intemperate habits or upon both? Plaintiff's allegations are sufficient under the former theory but not under the latter. There is no allegation, except by inference, that defendant sold

beer to Hubert McGuire and there is no allegation that McGuire became intoxicated thereby. The act makes the purveyor of liquor liable for injuries "in consequence of such furnishing". Was McGuire under the influence of intoxicating liquor?

The court has no right to require a more specific complaint on this point unless plaintiff expects to rely on the statutory liability; but plaintiff's brief indicates such reliance. Accordingly we make the following

### Order

Now, July 20, 1949, defendant's preliminary objections numbered (a) to (n) inclusive and defendant's reasons for a more specific complaint numbered (a) to (d) inclusive are each overruled and refused and reason numbered (e) is sustained. Plaintiff is required to set out more specifically the facts upon which he relies to show liability under the statute bidding sale to persons of known intemperate habits. An amended complaint shall be filed in 10 days; lacking such amendment plaintiff will be deemed to have abandoned his claim for liability under the statute.