## Williams Estate

*Ringe, Tate & Ervin*, for petitioner.

KLEIN, P. J., November 15, 1966.—Agnes L. Williams has filed a petition to have her son, Arnold C. Williams, adjudged an incompetent and Girard Trust Bank appointed guardian of his estate. She alleges that her son is 20 years of age, single and presently a patient in a Veterans' Administration hospital.

The question presented to us for decision is whether a minor can be adjudged an incompetent. This is apparently a matter of first impression in Pennsylvania, as the research of learned counsel for petitioner and of the court has failed to find a decision in which this question has been considered.

An "Incompetent" is defined in section 102(3) of the Incompetents' Estates Act of February 28, 1956, P. L. (1955) 1154, as "a person who, because of mental infirmities of old age, mental illness, mental deficiency, drug addiction or inebriety, is unable to manage his property, or is liable to dissipate it or become the victim of designing persons".

Nothing is contained in this definition, or in any other section of the act, which expressly limits its application to persons who are of age. Hence, the problem arises.

A person is under legal disability while he is a minor. He is the ward of the State. See Commonwealth ex rel. Children's Aid Society, Guardian v. Gard, 362 Pa. 85 (1949).

The law is extremely jealous of its obligation to protect the rights of minors, even while en ventre sa mere,[*] and continuing until attainment of majority. Minority is regarded as a special status in law requiring the safeguarding of the property of minors from their own inexperience and improvidence and from the over-reaching of others.

---

[*] See Sinkler v. Kneale, 401 Pa. 267 (1960).

The fact that Arnold C. Williams, respondent, is more than 20 years of age is of no importance. In the eyes of the law, he is still a minor. In Pincus Estate, 378 Pa. 102, 109 (1954), the Supreme Court said, in a per curiam opinion:

" 'With respect to decedent's son, the situation is different in that he was yet a minor at the time of audit and adjudication of the executors' account, although he was then over 20 years of age. It is strenuously argued by the respondents that because of Lionel's unusual intellectual attainments and business abilities, he should not be permitted to take advantage of the plea of infancy. With this position, the court cannot agree. *A person is not sui juris at any age less than 21 full years, regardless of his physique, mentality, education, experience or accomplishments*' ". (Italics supplied.)

If a minor who is 20 years of age could be adjudged incompetent, there is no reason why an 18 year old minor or a child nine years old, or even younger, could not be adjudged incompetent. This certainly was not contemplated by the legislature.

Let us assume, arguendo, that a minor could be adjudged an incompetent, and also that a guardian of his estate as an incompetent could be appointed. If he were to recover and be declared competent before he reaches his majority, he would still be under legal disability. In such case, it would be necessary to discharge such guardian and appoint a guardian of his estate as a minor.

Since the rights of minors could be fully safeguarded by the appointment of guardians for their persons and estates, no useful purpose would have been served by the legislature, in the adoption of the Incompetents' Estates Act, by creating a second method to accomplish the same purpose. We, therefore, do not think they intended to do this. In our opinion, it is implicit in the

provisions of the incompetency statute that its application is limited to persons who are sui juris, i.e., free from the legal disability of minority.

A proceeding to adjudge a person incompetent is a serious matter and should not be regarded lightly. See Denner v. Beyer, 352 Pa. 386 (1945); Nagy Appeal, 169 Pa. Superior Ct. 388 (1951). Where other means are available to protect his property rights, a minor should not be exposed to the stigma of an adjudication of incompetency. If mentally sick, the miracles of modern medicine might fully cure him before he reaches the age of 21 years. Often his estate is completely exhausted in caring for him during minority. In either case, the appointment of a guardian of his estate would become unnecessary when he reached his majority.

Section 745(b) of the Orphans' Court Act of August 10, 1951, P. L. 1163, provides that any person against whom proceedings have been instituted to establish his incompetency shall be entitled to a trial of such issue by a jury. This is the only situation in orphans' court proceedings in which the right to a trial by jury is absolute.

In the present case, Arnold C. Williams, respondent minor, is not represented by a guardian or counsel, in spite of the fact that one of his most important constitutional rights is being challenged. He should not stand alone, unrepresented in such solemn and important litigation affecting his basic rights. In Benz v. Heckman, 332 Pa. 187 (1938), in a footnote to page 191, Mr. Justice (later Chief Justice) Stern said:

"If the court sees that a minor is not represented by a guardian the proceedings must be held in abeyance until a guardian ad litem is appointed. It is not sufficient that the minor appears in person or by an attorney. Unless a guardian ad litem has been appointed, a verdict, judgment or decree will be set aside and a new trial or procedendo awarded. . . ."

Whether he is represented or not, however, we conclude that, since Arnold C. Williams is under the disability of minority, and hence not sui juris, he cannot be adjudged an incompetent under the provisions of the Incompetents' Estates Act of 1955. In our opinion, the proper practice, where a minor is suffering from mental illness, is to have a guardian appointed for his estate as a minor first. Upon his attaining his majority, this guardian will be discharged and proceedings may then be instituted to have him adjudged an incompetent and a guardian appointed for his estate as an incompetent, if the need for a guardian still exists.

### DECREE

And now, November 15, 1966, the petition of Agnes L. Williams to have her minor son, Arnold C. Williams, adjudged an incompetent is dismissed.