# Bradley, Appellant, *v.* Lake Shore and Michigan Southern Railway Company.

*Negligence—Railroads—Carriers—Passenger—Accident.*

1. One engaged in a lawful act is not responsible for damage arising from a pure accident in the doing of it.

2. In an action against a railroad company to recover damages for personal injuries, it appeared that plaintiff went to the station of the defendant about seven o'clock, and concluding to take a train leaving about nine o'clock, waited at or near the station with that purpose in view; that shortly after eight o'clock, while plaintiff was seated on a truck on the station platform, a freight train passed rapidly, and an iron brake bar which formed part of the brake equipment, broke away from one of the cars and was hurled violently from the train, striking the station platform and rebounding therefrom, striking and crushing the plaintiff's hand, which rested upon the truck at his side. The brake bar was of considerable size and weight and was held in place by cotter pins, which could come out through jolting or vibration. It appeared that the cars on the train were inspected on the afternoon of the accident and prior thereto and found to be in order with the exception that a brake bar was missing, which did not affect in any way the safe operation of the train. It was not shown that the inspection was faulty or ineffective in any way or made by

incompetent persons. *Held,* that binding instructions for the defendant were proper.

Argued Oct. 18, 1912. Appeal, No. 206, Oct. T., 1912, by plaintiff, from judgment of C. P. Venango Co., January T., 1910, No. 36, on verdict for defendant by direction in case of George Bradley, Jr., v. Lake Shore and Michigan Southern Railway Company. Before FELL, C. J., MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before CRISWELL, P. J.

The facts appear by the opinion of the Supreme Court.

The Court gave binding instructions for the defendant.

*Error assigned,* among others, was in affirming defendant's point for binding instructions.

*Gervaise G. Martin,* with him *A. B. Jobson* and *Clan Crawford,* for appellant.—The relation of carrier and passenger begins as soon as one intending in good faith to become a passenger enters in a lawful manner upon the carrier's premises to engage passage : Powell v. Philadelphia & Reading Ry. Co., 220 Pa. 638; Rhoads v. Cornwall & Lebanon R. R. Co., 48 Pa. Superior Ct. 310.

When the thing which causes the injury is shown to be under the management of the defendant and the accident is such as in the ordinary course of things does not happen if those who have the management used proper care, it affords reasonable evidence in the absence of explanation by the defendant that the accident arose from want of care : Fisher v. Ruch, 12 Pa. Superior Ct. 240; Matthews v. Pittsburg & Lake Erie R. R. Co., 18 Pa. Superior Ct. 10; Shafer v. Lacock, 168 Pa. 497; McCoy v. Ohio Valley Gas Co., 213 Pa. 367.

*A. R. Osmer,* with him *J. H. Osmer* and *N. F. Osmer,* for appellee.—The plaintiff was not a passenger: Penna. R. R. Co. v. Price, 96 Pa. 256; Bricker v. Philadelphia & Reading R. R. Co., 132 Pa. 1.

The mere fact of intention to come on board the car which intention has not been by acts or otherwise, indicated to the servants of the railroad company, does not render the person having such intention a passenger: 6 Cyc. 539.

There was no evidence in the case from which there could be a justifiable inference that the plaintiff's alleged attempt to become a passenger was communicated to the defendant, much less that he had been accepted as such and it would have been error to have submitted that question to the jury: Sartwell v. Wilcox, 20 Pa. 117; Howard Express Co. v. Wile, 64 Pa. 201.

The doctrine res ipsa loquitur does not apply to this case: East End Oil Co. v. Torpedo Co., 190 Pa. 350.

OPINION BY MR. JUSTICE POTTER, January 6, 1913:

The facts in this case are substantially as follows: On the evening of August 11, 1909, the plaintiff went to the passenger station of the defendant company, at Polk, Pa., at about seven o'clock. He concluded to go to Franklin upon a train leaving about nine o'clock, and with that purpose in view remained at or near the station. Shortly after eight o'clock, while the plaintiff was seated upon a baggage truck, which stood upon the station platform, a freight train passed rapidly upon the second track from the platform. While the train was passing, an iron brake bar which formed part of the brake equipment, broke, or became loosened at one end, fell down and was dragged for some distance, and then broke away entirely, and was hurled violently from the train, striking the station platform, and rebounding therefrom, struck and crushed plaintiff's hand, which rested upon the truck at his side. The plaintiff brought this action to recover damages for the resulting in-

jury. At the trial a verdict for the defendant was directed, upon the ground that the evidence did not warrant a finding by the jury of negligence upon the part of the defendant company. Afterwards, in an opinion refusing a new trial, the learned judge of the court below considered the legal questions raised, most elaborately, and concluded that under the evidence, the plaintiff could not, at the time and place of the accident, be properly regarded as having assumed the relation of passenger to the defendant company; and further that the defendant company had in no way failed in the discharge of any duty which it owed to the plaintiff, and that there was no proof of negligence on the part of the defendant, which caused the accident, and no basis upon which to found an inference of it. It seems that the brake bar which inflicted the injury was of considerable size and weight, being from two to three feet in length, and when in its proper position its place was under the trucks of the car, about on a level with the axle, and at right angles thereto. At either end of the bar were inserted fulcrum pins fastening it to brake levers, and through these pins ran cotter pins to hold them in place. If the cotter pins came out, through jolting or vibration, the fulcrum pins in turn might be misplaced, thus permitting the larger connecting bar to fall to the ground, which is just what seems to have happened in this case. The facts bring the case within the principle of the decision in Bauman v. Manufacturing Co., 234 Pa. 416, where injury was caused by the loss of a cotter pin. This without more was held insufficient proof of negligence on the part of defendant. To the same effect were the decisions in Bradbury v. Kingston Coal Co., 157 Pa. 231, and East End Oil Co. v. Torpedo Co., 190 Pa. 350. In the present case it was shown that the cars on the train in question were inspected on the afternoon of the accident, and prior thereto, and were found to be in order with the exception that a brake bar was missing on one car, but that was not regarded as affecting in

any way the safe operation of the train.  The evidence shows that the matter may very properly be regarded as an accident pure and simple, and as such it falls within the rule, that one engaged in a lawful act is not responsible for damage arising from a pure accident, in the doing of it.  It was not shown that the inspection made shortly before the accident was faulty or ineffective in any way, or that it was made by incompetent persons.  As the trial judge says, it may be assumed that the accident was due to the cotter pin coming out of place, and that it would not have occurred had the pin been kept in place.  Yet, as he points out, this affords no basis for inferring any lack of ordinary care upon the part of the defendant.  The bolts and pins may have been in place when inspected and yet have been jarred out of place or broken shortly afterward.  There is no evidence upon this point, and nothing tending to show that the dropping of the brake bar was due to faulty inspection, or any want of repair by the defendant company.  That the bar should have fallen down, broken off, and been hurled from the train just at the spot where the plaintiff was sitting was of course a result which the defendant could not have foreseen.  As the trial judge suggests, even if there had been any competent proof (and there was none) that the brake rod had become loosened, and through oversight on the part of the employees, it was permitted to remain on the car, "only an extreme visionary would have imagined the consequences which followed, or that injury could result to person or property therefrom."  We agree with the court below in the final conclusion that nothing in the evidence justified an inference that the defendant company failed in the discharge of any duty owed by it to the plaintiff.

The assignments of error are overruled, and the judgment is affirmed.