Lesick et ux., Appellants, *v.* Proctor.

Argued March 26, 1930. Before Moschzisker, C. J., Frazer, Walling, Simpson, Kephart, Sadler and Schaffer, JJ.

348

*Waldo P. Breeden,* for appellants.—Defendant likens the situation to the use of X-ray machines by physicians in which cases this court has held that the physician to be liable must be guilty of positive negligence and is responsible only in the same measure as in administering other forms of medical treatment (Stemons v. Turner, 274 Pa. 228) and where the strict rule of res ipsa loquitur is applied to circumstances where burns are received from electrical apparatus, the treatment by physicians is always excluded from the rule.

Plaintiff was entitled to be safeguarded against injury, and the case was for the jury: St. Clair v. Elec. Light Co., 38 Pa. Superior Ct. 228; Lanning v. Rys., 229 Pa. 575; Hauer v. Elec. Co., 51 Pa. Superior Ct. 613; Johns v. P. R. R., 226 Pa. 319; Kahn v. Elec. Light Co., 238 Pa. 70.

*Harold E. McCamey,* of *Dickie, Kier & McCamey,* for appellee.—The doctrine of res ipsa loquitur does not apply to electrical machines of this type and character: Stemons v. Turner, 274 Pa. 228; Nixon v. Pfahler, 279 Pa. 377.

There was no evidence of negligence that would allow the court to submit the question to a jury.

OPINION BY MR. JUSTICE WALLING, May 12, 1930:

Plaintiffs brought this suit for injuries which the wife plaintiff, Tessy Lesick, avers she sustained while a customer at defendant's hair shop in Pittsburgh. The trial judge granted a compulsory nonsuit and a denial of the motion to take it off forms the basis of this appeal by plaintiffs.

In our opinion the order appealed from was error. Plaintiffs' evidence tended to prove that on November 4, 1927, Mrs. Lesick, while receiving a permanent wave in defendant's shop, suffered serious electric burns. The work was being done by an attendant in defendant's employ, who, in the customary manner, separated the hair into some thirty-two locks or parcels which were dampened, separately wrapped and to which, when properly adjusted, a current of electricity was applied by means of an electric wire, a pad being placed thereunder to prevent burning. The evidence tended to prove that during this operation Mrs. Lesick's scalp was seriously burned. It also appeared that such result is likely to happen if the current is applied for a longer period than fifteen minutes and that during the operation the attendant should remain constantly in the room with the customer, which in this case was not done and the latter is unable to state just how long the current was applied. There is also proof that during the operation another attendant while passing through the room accidentally moved the live wire and that almost immediately the customer felt the burns and had the current removed. Had the attendant remained in the room she might have protected the wire or the customer from the effect of the accidental movement thereof. The general allegation of negligence in the application of the electric current was sufficient to include the negligent movement of the wire, especially as there was no request for a more specific statement and the testimony relating thereto was admitted without objection. The trial court's exclusion of that feature of the case from consideration because

not specifically mentioned in plaintiffs' statement was therefore error.

In addition, there was proof that where the operation here in question is properly performed no harm results to the customer. It must be kept in mind that the defendant had control of the entire process and the instrumentalities employed therein. Under such circumstances very slight proof of defendant's negligence is sufficient to take the case to the jury. "When the operation that causes the injury is shown to be under the management of the owner and the accident is such as in the ordinary course of things does not happen if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on the defendant": Dei v. Stratigos, 287 Pa. 475, 477; Fitzsimmons v. P. R. T. Co., 56 Pa. Superior Ct. 365. The same was held where a pedestrian was injured by the fall of a trolley pole from an electric street car: Dougherty v. P. R. T. Co., 257 Pa. 118; and see Murray v. Frick et al., 277 Pa. 190. Where the burden of proof is slight it may be supplied by affirmative proof that the accident would not have happened had the thing been reasonably cared for: Fitzpatrick v. Penfield, 267 Pa. 564. It is not that negligence is presumed in such cases but that the circumstances amount to evidence from which it may be inferred by the jury: Oil Co. v. Torpedo Co., 190 Pa. 350, 353. Not the mere fact of the accident, but the circumstances under which it occurred may give rise to a presumption of negligence. The circumstances here were sufficient to send the case to a jury and hence, it is unnecessary to decide whether the doctrine of res ipsa loquitur is applicable.

The order denying the motion to take off the judgment of nonsuit is reversed and the motion is granted with a procedendo.