Wright et al. *v.* Straessley, Appellant.

Argued October 16, 1935.   Before FRAZER, C. J., KEP-
HART, SCHAFFER, MAXEY, DREW, LINN and BARNES, JJ.

*Robert A. Applegate,* with him *Rose & Eichenauer,* for
appellant. .

*Patrick J. Corr,* for appellees.

OPINION BY MR. JUSTICE MAXEY, January 31, 1936:
   The error complained of in this case is the charge of
the court as to the burden of proof.   The action was one
of trespass for personal injuries.   The plaintiff was a
guest in a car; the defendant was the driver of the car.

The automobile was owned by defendant's brother. Defendant was driving along the Ohio River Boulevard toward the City of Pittsburgh in the afternoon of June 30, 1932. Elizabeth Wright (the plaintiff) and another woman were in the rear seat. The car was proceeding at about 35 miles an hour at a point where there was a slight curve to the left. There was no traffic approaching from the opposite direction. Suddenly and without warning the car ran up over the curve and hit a pole. The plaintiff's chief injury was a compound fracture of the leg below the knee. It healed but left the leg with a three-quarter-inch shortening. There was some evidence that the defendant a short time before the accident had turned his head and was talking to someone in the back seat. The defendant complained that something suddenly happened to the mechanism of the car which turned the steering wheel sharply to the right with such abruptness that it could not be controlled, and that the accident was therefore unavoidable.

After trial the jury returned a verdict for Mrs. Wright in the sum of $7,000 and for her husband in the sum of $3,000. Motions for judgment n. o. v. and for a new trial were refused, and judgments were entered on the verdict. This appeal followed.

The third assignment of error is based on the following excerpt from the charge to the jury: "It is our duty to say to you further, as a matter of law, affecting the burden of proof or shifting of the burden of proof in this case, that where a thing such as an automobile is shown to be under the management of the defendant, and the action is such that in the ordinary course of things an accident does not happen if proper care is used, the burden is on the defendant to prove that the accident did not arise from want of care. So, if the plaintiff in this case has shown you the condition of the road and the manner of operation of the car, and has convinced you by the weight of the evidence that the defendant, being in control of the car, and that the situation there was

such that in the ordinary course of things such an accident would not happen, then, under the ruling of our appellate courts, the burden would shift upon the defendant to explain to you the cause of the accident that existed. Then you should proceed to weigh and determine his testimony, and assign to it the weight you feel, as the judges of the facts, it should have, and determine whether he has satisfactorily, by the weight of the evidence, explained to you the cause of the accident; his explanation, as you will recall, being that this was due to a blowout."

This part of the charge standing alone might constitute sufficient grounds for a reversal in this case, as its purport is to cast the burden of proof upon the defendant. The burden of proof is never on the defendant in a case of this kind. Under certain circumstances *the burden of coming forward with evidence* may shift to the defendant but that is an entirely different matter from "burden of proof." In the case of *Henes v. McGovern*, 317 Pa. 302, 176 A. 503, we discussed the distinction between burden of proof and the burden of coming forward with evidence. We there said: "There is considerable confusion of thought arising from the fact that the phrase 'burden of proof' is used indiscriminately as meaning either *burden of proof* or *burden of producing evidence*. It was aptly said in *Central Bridge Co. v. Butler*, 2 Gray 130: 'The burden of proof and the weight of the evidence are two very different things. The former remains on the party affirming a fact in support of his case, and does not change in any aspect of the cause; the latter shifts from side to side in the progress of a trial, according to the nature and strength of the proofs offered in support or denial of the main fact to be established.'" We also cited the case of *Abrath v. N. E. Ry. Co.*, 32 W. R. 50, 53, in which Lord Justice Bowen said in discussing the burden of proof: "In every lawsuit somebody must go on with it; the plaintiff is the first to begin, and if he does nothing he fails. If he makes a

prima facie case, and nothing is done by the other side to answer it, the defendant fails. The test, therefore, as to burden of proof is simply to consider which party would be successful if no evidence at all was given, or if no more evidence was given than is given at this particular point of the case; because it is obvious that during the controversy in the litigation there are points at which the onus of proof shifts, and at which the tribunal must say, if the case stopped there, that it must be decided in a particular way. . . . It is not a burden which rests forever on the person on whom it is first cast, but as soon as' he, in his turn, finds evidence which, prima facie, rebuts the evidence against which he is contending, the burden shifts until again there is evidence which satisfies the demand."

There is a class of cases in which accidents are attended by circumstances from which the inference of negligence is legitimate. But in such cases negligence is not a presumption of law. It is a finding of fact, and before the fact can be found a jury must consider the circumstances, reason on them and draw the inference of negligence. We held in *Maerkle v. Pittsburgh Rys. Co.*, 311 Pa. 517, 165 A. 503, that the burden resting upon a plaintiff to show defendant's negligence in certain types of cases was met by proof of circumstances reasonably giving rise to that inference. Negligence cannot be presumed from the mere fact of the happening of an accident, but it may be inferred from the attendant circumstances. Juries should be instructed that the burden of proving negligence is on him or her who asserts it, and that a defendant is not called upon to come forward with countervailing evidence until the plaintiff has established negligence by direct or circumstantial proof. In *Shafer v. Lacock, Hawthorn & Co.*, 168 Pa. 497, at 504, 32 A. 44, this court quoted with approval the following from Sherman and Redfield on Negligence, sections 59 and 60: "When the thing which causes the injury is shown to be under the management of the de-

fendants and the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care." See also *Durning v. Hyman*, 286 Pa. 376, 133 A. 568.

The complained of excerpt from the charge of the court in this case is apparently based in part on the 5th syllabus in the case of *Gawronski v. McAdoo*, 266 Pa. 449, 109 A. 763. A careful reading of the opinion will reveal that the syllabus is not fully warranted, for the opinion points out that before a defendant can be convicted of negligence the jury must "find" negligence from the facts and circumstances. There this court said, speaking through Mr. Justice MOSCHZISKER: "As before intimated, when counsel for defendant undertook to admit the circumstances which gave rise to and attended the runaway of the engine—knowledge peculiarly within the possession of defendant—and failed to state facts which would relieve his client from the *implication of negligence put upon it by those already proved or admitted* [italics supplied], it was for the jury to say whether, on the evidence and admission, defendant was guilty of negligence in the premises."

The error in the excerpt quoted from the charge of the court is saved from being reversible error by what the court said later, as follows: "It is our duty to tell you that negligence is not presumed from the mere happening of an accident. . . . Just because this car ran into a pole and because people were hurt, that it is not to be presumed from those facts alone that negligence existed. Negligence is something which must be shown from the circumstances surrounding the accident. . . . If, after you have considered all of the testimony in the case on both sides and weighed it carefully, you are convinced that the plaintiff has shown you by the fair weight of the evidence that it was the turning around of the defendant in the seat of the car and his conversation in the rear

which caused him to lose control of the car and the accident to happen, then, under those circumstances, your verdict would be for the plaintiff." The court also gave further instructions to the same effect.

The only other question raised is as to whether or not the verdicts are excessive. After examining the record we have concluded that the verdicts are not excessive and should not be disturbed.

The judgment is affirmed.