## Gwillim et ux. v. Zimmer's Hair Fashion Center

Before Eagan, Musmanno and Ellenbogen, JJ.

*Albert D. Brandon*, for plaintiffs.

*G. Richard Klare*, for defendant.

ELLENBOGEN, J., September 19, 1949.—This case is before the court en banc on defendant's motions for judgment n. o. v. and for a new trial.

On a motion for judgment n. o. v. we must read the evidence in the light most favorable to plaintiffs and give plaintiffs the benefit of every reasonable inference that may be drawn therefrom: McFadden v. Pennzoil Company, 341 Pa. 433, 436. Reading the testimony in that light, it appears that the woman plaintiff went to "Zimmer's Hair Fashion Center" on the third floor of the Jenkins Arcade Building, Pittsburgh, to which she had been referred by someone in defendant's hair fashion salon on the first floor of that building. She testified that she did not know that the "center" was a school. She was given a permanent wave. When the operator removed the cotton from her face, some of the skin on her right cheek bone close to the hairline came off and some parts of her hair began to fall out. Within a short time she lost practically all her hair. When she returned a few days later to complain, Mr. Zimmer told her that her hair fell out because the student who attended her had wound the hair too tightly.

Under ordinary circumstances skin does not come off nor does the hair fall out from a permanent wave treatment. Women are resorting to permanent waves in ever increasing numbers and experience shows that a "permanent wave" if properly administered has no harmful effect upon the skin or the hair. From the fact that the skin came off when the cotton was removed, the jury may infer that an improper solution was used or improper treatment given. As to the fall-

ing out of the hair, defendant admitted that it was due to the hair being too tightly wound.

Under testimony here offered there was sufficient evidence from which the jury could find that defendant and his operator were negligent. This case is similar to the case of Lesick et ux. v. Proctor, 300 Pa. 347, where it was held that:

"Where an operation that causes an injury is shown to be under the management of the owner and the accident is such as in the ordinary course of things does not happen, if those who have it in charge use proper care, it requires but slight evidence of defective operation to fasten responsibility on a defendant."

The motion for judgment n. o. v. must be refused.

The motion for a new trial assigns the following two reasons: (1) That it was grossly excessive, and (2) that it was against the weight of the evidence. We do not find that it was against the weight of the evidence, and, while the amount of the verdicts is generous to plaintiffs, it is not such as to shock the conscience of the court.

The motions for judgment n. o. v. and for a new trial will both be dismissed.