Commonwealth *v.* Torquato, Appellant.

Argued April 12, 1954. Before HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE and ERVIN, JJ. (RHODES, P. J., absent).

*Carl Blanchfield,* for appellant.

*C. Ward Eicher,* with him *John K. Best,* Assistant District Attorneys, and *L. Alexander Sculco,* District Attorney, for appellee.

OPINION BY ERVIN, J., July 13, 1954:

This is an appeal from the judgment and sentence of the lower court wherein the defendant was found guilty by a jury of the crime of unlawful possession of a drug, marijuana, in violation of the Act of July 11, 1917, P. L. 758, 35 PS §§851, 854. The defendant admitted possession of the drug but entered a plea of not guilty and set up the affirmative defense of entrapment. His principal contention is that the lower court should have directed a verdict of not guilty on his oral testimony that he had been entrapped by the officers, this evidence having been unanswered by the Commonwealth. Defendant cites the Federal case of *U. S. v. Sherman,* 200 F. 2d 880, as authority for this proposition. The learned judge of the court below was clearly right in not following the defendant's suggestion. We need but quote from the recent opinion of our Supreme Court in the case of *Mack v. Reading Co.,* 377 Pa. 135, 142, 103 A. 2d 749, wherein Chief Justice STERN says: "But probably no case in our reports has been more frequently cited than Nanty-Glo Boro. v. American Surety Co., 309 Pa. 236, 163 A. 523, which held that however clear and indisputable may be the proof, when it depends upon oral even though uncontradicted testimony the credibility of the witnesses is nevertheless for the jury and it is the province solely of that tribunal to decide the issue. . . . the court obviously could not have declared as a matter of law that defendant's evidence had to be believed. . . . If, in the opinion of the court, the verdict of a jury indicates a capricious disregard of persuasive testimony, the judicial remedy is a setting aside of the verdict and the granting of a new trial: McDonald, Admrx., v. Pennsylvania R. R. Co., 348 Pa. 558, 567, 36 A. 2d 492, 497." To the same effect see the language of President Judge RHODES in our recent opinion of *Com. ex rel. Paylor v. Claudy,*

173 Pa. Superior Ct. 336, 342, 98 A. 2d 468, where it is stated: " ' " There is nothing which compels the fact finding body, whether it be judge or jury, to accept as verity uncontradicted testimony. Credibility of witnesses is always for the finders of fact: . . . . " ' "

President Judge LAIRD, in his charge, properly defined entrapment and told the jury that they should acquit if they found that the defendant had been entrapped. We do feel, however, that a new trial should be granted so that the defendant may have the benefit of the testimony of the officers who, he says, entrapped him. They may corroborate his story and if they do this very probably would change the jury's verdict. A petition was presented to the lower court asking that the trial be postponed to a time after the trial to be held in the U. S. District Court for the Western District of Pennsylvania. The district attorney and the court were advised prior to trial that the defense would be entrapment; that the U. S. District Court had ordered the government officers subpoenaed, at government expense, so that these witnesses from Phoenix, Arizona, New York City, New York, Philadelphia, Penna., and Washington, D.C., would be present at the Federal trial; that the testimony of these witnesses was material to secure the rights of the defendant. The lower court dismissed the motion to continue the case and the defendant was ordered to trial.

As a new trial is to be had, we will say that we find no error in the lower court's charge on the reputation evidence. Evidence of reputation does not present a distinct issue but it must be weighed and considered by the jury in connection with all the other evidence in the case on the general issue, and is to be regarded as a substantive fact like any other evidence tending to establish innocence. When a defendant who has had a good reputation, which fact must be given due

weight, has been proven guilty beyond a reasonable doubt, he is not to go free simply because he has previously had a good reputation.[1]

Complaint was also made as to the sentence. We were advised at the argument by the district attorney that the lower court now recognizes this error and desires to correct it. This may be done if the defendant is convicted at the new trial.

Judgment and sentence reversed and a new trial awarded.

---

[1] *Com. v. Aston*, 227 Pa. 106, 75 A. 1017; *Com. v. Stoner*, 265 Pa. 139, 108 A. 624; *Com. v. Dingman*, 26 Pa. Superior Ct. 615, 623; *Com. v. English*, 123 Pa. Superior Ct. 161, 186 A. 298; *Com. v. Padden et al.*, 160 Pa. Superior Ct. 269, 50 A. 2d 722; *Com. v. Allabaugh*, 162 Pa. Superior Ct. 490, 494, 495, 58 A. 2d 184.