## Young v. Mencer

*H. Swank Phillips,* for plaintiff.
*Candor, Youngman & Gibson,* for defendant.

WILLIAMS, P. J., February 10, 1960.—Plaintiff has filed a complaint in trespass to which preliminary objections have been entered. According to the complaint the action is brought for the wrongful death of Dorothy H. Young which was caused, according to the complaint, by defendant's negligent operation of a rotary lawnmower.

The complaint reads:

"7. The defendant was negligent

"(a) In operating his rotary lawnmower on May 17, 1958 on his lawn, in the presence of the Decedent, under his, defendant's exclusive control, with the knowledge that the said rotary lawn mower was not in proper working condition and operating same to the limit of its speed causing said machine to throw an object so as to forcefully strike Decedent, lawfully

approaching, in such a manner as to eventually result in her death.

"(b) In carelessly causing to happen a thing, which, in the ordinary course of events, would not have happened if defendant, under whose management and control aforesaid rotary lawnmower was, had used proper care."

The first preliminary objection complains that paragraphs 7 (a) and (b) are vague and indefinite, and further complains that paragraph 7 (b) in its entirety is surplusage, also that the allegation in paragraph 7 (a) as to exclusive control is surplusage.

It has been said that the act or omission relied on as negligence must be alleged either in direct or positive terms, or by setting out facts from which the fact of negligence can fairly and legally be inferred: Arner v. Sokol, 373 Pa. 587. In Paragraph 7 (a) it is alleged that defendant operated his lawnmower in the presence of decedent when it was not in proper working condition and at the limit of its speed. Although we fail to see how operating a rotary lawnmower at the limit of its speed is negligence, we are of the opinion that the allegation concerning the operation of the machine when it was not in proper working condition is a sufficient averment of negligence. In Lynch v. Hoover, 3 D. & C. 2d 686, the averment that defendant failed to have a vehicle equipped with proper brakes and other safety appliances was sufficient.

Paragraph 7(a) of the complaint alleges that the rotary lawnmower was operated under the exclusive control of defendant and paragraph 7(b) of the complaint alleges that defendant carelessly caused a thing to happen which in the ordinary course of events would not have happened if defendant had used proper care. Although these allegations in the complaint could have been better stated, they are sufficient to show plaintiff is pleading the doctrine of exclusive control.

The exclusive control doctrine has become a doctrine of great importance in Pennsylvania. Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497, is said to be the leading case in Pennsylvania, and the father of the so-called exclusive control doctrine.

This doctrine is to the effect that where the circumstances are free from dispute and were under the exclusive control of defendant, and where the action is such as in the ordinary course of things would not have happened if due care had been exercised, that in such case there is an inference that the accident happened from want of due care: Fitzpatrick v. Penfield, 267 Pa. 564.

The exclusive control doctrine has been applied to many circumstances since Shafer v. Lacock, Hawthorn & Co., supra, including: The drifting of an unoccupied automobile down hill (Hickerson v. Daskam, 313 Pa. 379); an automobile leaving the highway (Knox v. Simmerman, 301 Pa. 1); the top of a folding bed falling down (Lyttle v. Denny, 222 Pa. 395); the catching fire of an office floor after workmen had been working on it (Trostle v. Reading Steel Products Corporation, 152 Pa. Superior Ct. 273); an exploding glass jar containing coffee (Dillon v. William S. Scull Co., 164 Pa. Superior Ct. 365); the catching fire of a gasoline truck causing damage (Commonwealth v. Montour Transport Company, 365 Pa. 72); a truck leaving highway and striking restaurant (Bashore v. Publix Shirt Corporation, 370 Pa. 142); an automobile suddenly leaving a dry road causing harm (Kotal v. Goldberg, 375 Pa. 397); a metal coupler from railroad car rolling on public highway causing harm (Mack v. Reading Company, 377 Pa. 135); water seeping from second floor of plaintiff's storerooms (House v. Schreiber, 168 Pa. Superior Ct. 621); barroom stool collapsing (Cross v. Laboda, 190 Pa. Superior Ct.

119) ; tugboat drifting against overhead cables: Sofis v. Charles Zubik Sons, Inc., 17 D. & C. 2d 312.

From the opinions it appears that the exclusive control doctrine has been extensively applied. Justice Bell in a concurring opinion in Kotal v. Goldberg, supra, reviews the subject in an extensive manner. He warns that if the exclusive control doctrine were literally applied, many cases would have to be reversed and suggests that this doctrine is applicable to cases where all of the following appear: Where the thing which caused the accident is under the control of or was made or manufactured by defendant, and the accident would not ordinarily happen if defendant exercised due care; where the evidence of the cause of the injury or accident is not equally available to both parties, but is peculiarly or exclusively accessible to and within possession of defendant; where the accident itself is very unusual or exceptional and the general principles of negligence have not heretofore been applied to such facts.

We are of the opinion that the exclusive control doctrine applies to the instant case. The rotary lawnmower which caused this action was under the control of defendant and ordinarily an accident does not happen from the running of a rotary lawnmower if defendant exercises due care. The evidence of the cause of the injury was not equally available to both parties and the accident was very unusual. We have not been able to find any cases in Pennsylvania where the general principles of negligence have heretofore been applied to such facts as we have here. However, we see little difference in an accident that happens such as this from an accident that happens because of the catching fire of a truck on a highway. Many vehicles travel the highway, both trucks and passenger cars. Ordinarily they do not catch on fire. When they do there is an inference of want of due care. Many rotary

lawnmowers are used in our everyday life. Ordinarily, if they are operated properly in proper condition, they do not eject objects to cause harm. When they do, we are of the opinion that there is an inference of want of due care.

The case of Rockey v. Ernest, 367 Pa. 538, has been called to our attention as a controlling case. The case was decided in 1951 and concerned the operation of a bulldozer and a flying rock which struck a working man 25 feet away. The narrow question involved was whether the charge of the court was inadequate. Only a general exception was taken to the charge. The court ruled that the doctrine was not available to plaintiff who the court said had an equal or better position than defendant to produce evidence of the negligence.

We are of the opinion that it is the nature of a bulldozer to break dirt and rocks away from dirt and rocks and that at time there may be flying rocks, even if a bulldozer is run with care. As to a lawnmower, however, we are of the opinion that if it is properly operated and if it is in proper running condition, an accident such as is claimed in the instant case will not happen in the ordinary course of human experience.

In addition, the exclusive control doctrine is at the present time applied to many cases that would have been decided differently years ago. Pennsylvania seems to be the leader in what Justice Musmanno calls the "driving force of modern decisions with their realistic application of the exclusive control doctrine to present day conditions": Mack v. Reading Company, 377 Pa. 135, 143, 41 A. L. R. 2d 927. Justice Musmanno in discussing Bradley v. Lake Shore and Michigan Southern Railway Company, 238 Pa. 315, which Mack v. Reading Company, supra, seems to have reversed, declared: "It had in fact become obvious that the Bradley case, doing service for 40 years, was due for formal retirement without pension, but no decision bravely

came forward and said so . . . it is a matter for double gratification that this Court has now officially overruled and repudiated the Bradley decision so that the Bar, as well as the people, may definitely know that it is no longer the law of this honored Commonwealth."

### Order

And now, February 10, 1960, preliminary objections are dismissed.