## Eisler v. Feaster

*David Kozloff* and *Peter Schuchman,* for appellant.
*Harry McMunigal,* for appellee.

ESHELMAN, *J.,* January 31, 1996—Plaintiff has appealed from our order entered November 21, 1995, which denied plaintiff's motion for post-trial relief. This opinion is in support of our order pursuant to Pa.R.A.P. §1925.

This action arose from a fire which occurred on March 8, 1988, at the Host Manor Apartments located at R.D. #1, Womelsdorf, Tulpehocken Township, Berks County, Pennsylvania, which were owned by the plaintiff, Gloria Eisler. Investigation of the fire determined that defendant's decedent, William A. Feaster, was in custody and control of apartment no. 2 and that the fire originated in apartment no. 2.

This matter was tried before a jury on September 15-17, 1993. During the trial, the following evidence was introduced:

As of March 8, 1988, and for a period of time prior thereto, William Feaster was a tenant in apartment no. 2 located on the first floor of the plaintiff's apartment building.

William Feaster smoked cigarettes, pipes, cigars or other materials.

At the time of the fire, William Feaster's apartment was locked.

The keys to William Feaster's apartment were located in the basement of the building.

The other tenants at the Manor Hall Apartments did not have access to the basement of the building.

The firefighters could not enter the basement at the time of the fire because the basement door was locked.

Through holes that had been opened in the basement ceiling for pipes to run, Yvonne Dundore, plaintiff's daughter, observed smoke pouring into the basement from the first floor and observed flames in defendant's decedent's bedroom.

There were no flames in the basement at least 15-30 minutes after the fire started. The only flames were observed on the first floor through the pipe holes in the basement ceiling.

The building was secured until Thomas Jones, plaintiff's investigator, arrived to make his investigation.

Mr. Jones' investigation focused on William Feaster's apartment.

Mr. Jones concluded that the fire started in William Feaster's bedroom.

The electrical cords located in William Feaster's apartment belonged to defendant's decedent.

Mr. Jones concluded that the fire was caused by careless disposal of smoking materials.

The report prepared by Thomas W. Jones, the plaintiff's expert in the area of cause and origin of fires, which report was prepared on behalf of Mr. Jones' employer, concluded that there were two potential

causes for the fire, either careless smoking or electrical components.

In fact, Mr. Jones admitted that the report that he prepared for his employer as to the cause of this fire stated that the most likely cause was not careless smoking but an electrical defect.

Moreover, Lester Feick, the fire chief for the fire company that served that particular area, had a conversation with Mr. Jones not long after the fire where he told Mr. Feick that he believed the fire to be electrical in nature.

This report that was written by Mr. Jones that contained the two potential causes is the only writing that was prepared by him in connection with this fire, and the only other occasion he had to investigate the cause of this fire, after having prepared that report, was five years later when requested to do so by the plaintiff's attorney in preparation for this trial.

Plaintiff cites as error this court's refusal to charge the jury on the doctrine of exclusive control, as set forth in the plaintiff's proposed findings of fact 5, 6 and 7.

The plaintiff submitted to the court plaintiff's points for charge which included the following:

"(5) The doctrine of exclusive control is recognized by Pennsylvania courts. *Commonwealth v. Montour Transport Company,* 365 Pa. 72, 73 A.2d 659 (1950); *Mack v. Reading Co.,* 377 Pa. 135, 103 A.2d 749 (1954); *McGowan v. Devonshire Hall Apartments,* 278 Pa. Super. 229, 420 A.2d 514 (1980) (citing Restatement (Second) of Torts, §328(D)); *Blake v. Fried,* 173 Pa. Super. 27, 95 A.2d 360 (1953); *Dorofey v. Bethlehem Steel Co.,* 407 Pa. 288, 180 A.2d 562 (1962); *Williams v.*

*Otis Elevator Co.,* 409 Pa. Super. 486, 598 A.2d 302 (1991), Pa.S.S.J.I. (CIV) 5.08.

"(6) The doctrine of exclusive control holds that proof of negligence may be established circumstantially by establishing proof that the instrumentality, in this case the interior of the apartment, was within the exclusive management and control of [    ] William A. Feaster and the accident was such as would not have happened in the ordinary course of events without negligence. *Commonwealth v. Montour Transport Company,* 365 Pa. 72, 73 A.2d 659 (1950); *Mack v. Reading Co.,* 377 Pa. 135, 103 A.2d 749 (1954); *McGowan v. Devonshire Hall Apartments,* 278 Pa. Super. 229, 420 A.2d 514 (1980) (citing Restatement (Second) of Torts, §328(D)); *Blake v. Fried,* 173 Pa. Super. 27, 95 A.2d 360 (1953); *Dorofey v. Bethlehem Steel Co.,* 407 Pa. 288, 180 A.2d 562 (1962); *Williams v. Otis Elevator Co.,* 409 Pa. Super. 486, 598 A.2d 302 (1991), Pa.S.S.J.I. (CIV) 5.08.

"(7) If you find that the fire began in William A. Feaster's apartment, then you must find in favor of the plaintiff and against the defendant."

This court refused plaintiff's requested points for charge nos. 5, 6 and 7 and noted an exception to the plaintiff.

The jury rendered a verdict in favor of the defendant and against the plaintiff. Plaintiff, Gloria Eisler, filed plaintiff's motion for post-trial relief which this court denied.

Doctrine of exclusive control is a means by which a plaintiff can prove negligence circumstantially:

"[I]t may be established by proof that the instrumentality causing the injury was within the exclusive management and control of the defendant and the ac-

cident such as would not have happened in the ordinary course of events without negligence." *Commonwealth v. Montour Transport Company,* 365 Pa. 72, 73-74, 73 A.2d 659, 660 (1950).

The purpose of this doctrine is to allow a plaintiff a right of recovery where it is impossible to specifically prove negligence by direct evidence:

"To require plaintiff to prove affirmatively the exact source of the accident will usually in cases of this kind defeat recovery, however gross the negligence, as the person injured seldom has means of either knowing or discovering absolutely the defect in equipment or delinquency on the part of employees, both of which are entirely within the control of the defendant. The doctrine of exclusive control is designed to meet situations of that kind." *Mack v. Reading Company,* 377 Pa. 135, 139, 103 A.2d 749, 751 (1954).

The doctrine requires proof of two elements; the first is that the instrumentality causing the plaintiff's injury is within the exclusive control of the defendant. This factor is analyzed more fully in comment g. of section 328D of the Restatement (Second) of Torts, which provides as follows:

"(g) *Defendant's exclusive control.* The plaintiff may sustain this burden of proof with the aid of a second inference, based on a showing of some specific cause for the event which was within the defendant's responsibility, or a showing that the defendant is responsible for all reasonably probable causes to which the event can be attributed. Usually this is done by showing that a specific instrumentality which has caused the event, or all reasonably probable causes, were under the exclusive control of the defendant. Thus the responsibility of the defendant is proved by eliminating that of any other person."

In arguing the application of this first factor to the facts of the present case, plaintiff misses the mark. The evidence presented at trial did not establish that defendant's decedent, Feaster, had exclusive control of his apartment. In fact, Yvonne Dundore, the plaintiff's daughter, testified that there were two sets of keys for each apartment, one set kept in the basement of the apartment building and one kept in the plaintiff's home. Furthermore, a total of four people were aware of the existence and the location of these keys.

This evidence, presented by plaintiff's own witness, directly contradicts plaintiff's premise that Feaster had exclusive control of the attributed cause of the fire. In addition to presenting evidence that Feaster was the tenant of apartment 2, where the fire supposedly started, plaintiff should also have established that all of the keys to apartment 2 were accounted for, and were not used to gain access to Feaster's apartment in the hours preceding the start of the fire. That testimony may have been sufficient to establish that Feaster had exclusive control of his apartment; however, the record as it stands does not establish that premise.

Moreover, even assuming, for purposes of argument only, that the evidence did prove that Feaster had exclusive control of his apartment, plaintiff then leaps ahead by asserting that because Feaster had exclusive control of his apartment, he had exclusive control of the instrumentality of the fire, for purposes of meeting this first requirement for the doctrine of exclusive control. (See plaintiff's brief, at 5.)

However, it should not even bear mentioning that Feaster's apartment did not cause the fire. It is too far a stretch to assert that the apartment was the instrumentality which caused the fire; nowhere in the record is such a proposal established.

The second factor of the doctrine of exclusive control is that the accident or incident which causes the plaintiff's injury must ordinarily not happen in the absence of negligence. See e.g., *Turek v. Pennsylvania Railroad Company,* 361 Pa. 512, 64 A.2d 779 (1949) (train wreck); *Mack v. Reading Company, supra* (300 pound coupling flying off of train); *Commonwealth v. Montour Transport Company, supra* (tractor-trailer carrying gasoline suddenly igniting); *Dillon v. William S. Scull Company,* 164 Pa. Super. 365, 64 A.2d 525 (1949) (glass jar suddenly exploding); *Knox v. Simmerman,* 301 Pa. 1, 151 A. 678 (1930) (automobile suddenly leaving the highway).

However, the evidence presented at the trial of this case does not lead to the conclusion that this fire would not have started in the absence of negligence. In fact, plaintiff's own proof establishes one of two specific causes of this fire, Feaster's negligence being only one of them. Specifically, plaintiff's expert in the area of fire cause and origin, Thomas W. Jones, testified that the preliminary investigation of the fire that he undertook on behalf of his employer in 1988 revealed two potential causes of the fire, careless smoking, or an electrical defect. His opinion at the trial, however, was that the area of origin of the fire was in the bedroom of Feaster's apartment, at the floor level, next to the bed, and that the cause of this fire was careless smoking.

However, on cross-examination, it was established that during his initial investigation, Mr. Jones had ample opportunity to investigate the cause of this fire and arrive at his conclusions about the cause, and that the report that he prepared in connection with this investigation stated that the cause of the fire was most likely an electrical defect, and that the time frame of the fire favored the type of ignition that involved an electrical

defect or malfunction in the lamps and/or power supply cords, as opposed to careless smoking.

Moreover, Lester Feick, the fire chief for the Rehrsburg Fire Company, which services the geographical area in which the fire took place, testified that he spoke to Mr. Jones not long after the fire took place, and that Mr. Jones told Mr. Feick that the fire was electrical in nature.

This is not the type of case where it can clearly be surmised that the accident would not have happened if the defendant had exercised reasonable care. This is a situation where the evidence established that the fire that started in Feaster's bedroom was either caused by Feaster's careless smoking or by an electrical defect and a reasonable inference can be made and supported by the record that it was most likely a fire of electrical origin. This is not a case where it is impossible to determine how the accident happened, but so as not to prejudice the plaintiff, a court will allow a finding of negligence to be made where it can be inferred that the accident would not have happened in the absence of negligence. Instead, this is a case where two clear and direct potential causes of the accident were presented, one implying negligence and the other not. It was for the jury to decide which of those specific causes to believe. A charge on exclusive control was not appropriate under these circumstances.

Perhaps most directly on point with defendant's position that the doctrine of exclusive control does not apply to the present case is the Supreme Court case of *Miller v. Hickey,* 368 Pa. 317, 81 A.2d 910 (1951). This court therein first sets out a summary of the doctrine of exclusive control:

"When the thing which causes the injury is shown to be under the management of the defendants and

the accident is such as in the ordinary course of things does not happen if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendants that the accident arose from a want of care." *Id.* at 331, 81 A.2d at 917. (citations omitted)

However, the court then goes on to greatly limit the application of this doctrine, as follows:

"Great care must be exercised to limit and restrict this so-called rule or exception to cases (a) which are exceptional, and (b) where the evidence of the cause of the accident is not equally available to both parties but is peculiarly or exclusively accessible to and within the possession of the defendant." *Id.* at 331-32, 81 A.2d at 917. (citations omitted)

There is nothing about the present case which is exceptional. It is a straightforward case of negligence where there happens to be two potential causes for the accident to be presented to the jury, one which involves negligence and one which does not. Plaintiff attempts to sidestep the straightforward principle that she must prove by a preponderance of the evidence that the defendant's negligence caused the plaintiff's damages, which, under this particular evidence, plaintiff cannot do, by arguing the application of this more obscure theory of circumstantial negligence. Again, this is not an exceptional case.

Likewise, the evidence of the cause of this accident is not "peculiarly and exclusively accessible to and within the possession of the defendant" so as to justify an application of this doctrine. In fact, it is plaintiff's expert who has come forth with one if not two causes for this accident.

This court did not err in refusing to charge the jury on the doctrine of exclusive control. The Superior Court

in *Trostel v. Reading Steel Products Corporation,* 152 Pa. Super. 273, 31 A.2d 909 (1943), in analyzing the scope of the exclusive control doctrine, cautioned that "[i]t is the right of the party to have [the exclusive control doctrine] submitted to the jury, unless it be so weak and inconclusive that as a matter of law no probability of fact can be drawn from the combined circumstances." *Id.* at 277, 31 A.2d at 912. This court, in its discretion, correctly found that plaintiff's evidence in support of this circumstantial type of negligence theory was too weak and inconclusive to submit to the jury. In fact, such an assertion is directly contradicted by the direct evidence of negligence, and direct evidence of non-negligence, that the jury actually heard. This court exercised its discretion properly in refusing to submit this doctrine to the jury.

For all of the foregoing reasons, therefore, we find our order to be proper.