# Minichino v. Borough of Quakertown

*Ross & Smith,* for plaintiff.

*Eastburn & Gray,* for defendant.

SATTERTHWAITE, J., April 23, 1954.—In this suit, plaintiff has filed his complaint whereby he seeks recovery for personal injuries claimed to have been sustained by him at about 7 o'clock in the evening of October 9, 1951, as the result of the alleged negligence of the servants, agents or employes of defendant municipality in failing to erect a barricade around or to place lights 'illuminating an excavation in a public street, into which plaintiff claims he fell without knowledge or warning. The matter presently before the court is his petition seeking discovery, by written interrogatories to be propounded to the appropriate officials of defendant borough, of the identity and whereabouts of witnesses and the existence and location of tangible things, as authorized by Pa. R. C. P. 4007. Counsel for defendant, having received notice of the intended presentation of the petition as required by Pa. R. C. P. 4012(c), appeared and filed written objections to eight of the nine proposed interrogatories, relying upon the limiting provisions of Pa. R. C. P. 4011.

This court is already committed to the proposition that the Supreme Court Rules of Civil Procedure relating to discovery should receive a liberal interpretation, and that the objecting party must meet the burden of establishing that the matters in question are clearly within the limitations of Pa. R. C. P. 4011 before an ostensibly valid application for discovery will be refused: Lippincott v. Graham, 3 Bucks 16, 18. The instant case involves the application of these principles to determine the proper interpretations and effect, as

to the questions here presented, of Pa. R. C. P. 4011(c), which provides as follows:

"No discovery or inspection shall be permitted which . . .

"(c) would disclose facts or the existence or location of tangible things, other than the identity and whereabouts of witnesses, which

"(1) are not relevant and material to the subject matter of the pending action;

"(2) are not competent or admissible as evidence;

"(3) are known to the petitioner, or the means of obtaining knowledge of which he can be reasonably expected to have;

"(4) are not necessary to prepare the pleadings or prove a prima facie claim or defense of the petitioner; . . ."

The first and fifth interrogatories apparently relate to the question of agency in the excavation operation. The first asks whether the ditch or trench in question was in process of excavation "under the supervision and direction of the Water Department of the Borough of Quakertown"; the fifth makes inquiry as to whose employes did the excavating. However, these questions, in effect, already have been answered: the allegation of plaintiff's complaint that the excavation was made by defendant through its servants, agents or employes stands admitted by the pleadings, no answer having been filed: Pa. R. C. P. 1045(b). See Lacaria, Admr., v. Hetzel, 373 Pa. 309, 313; Mack v. Reading Company, 173 Pa. Superior Ct. 296, 298. These interrogatories must therefore be refused under Pa. R. C. P. 4011(c)(4); they are unnecessary since plaintiff has otherwise established prima facie proof of the information sought, and discovery may not be availed of merely for substantiating proof thereof, Byberg v.

Lyman Felheim Company et al., 81 D. & C. 417, 420, or to enable the applicant to "fish" for what he may hope to be helpful information: Perry v. Niedringhaus et ux., 85 D. & C. 112, 117.

The second, third and fourth interrogatories request statements of the physical location of the ditch with relation to the curb line and the public sidewalk, the dimensions of the ditch at the time in question, and efforts made to protect or guard the ditch by lights, barricades or otherwise. Defendant objects to these questions on the ground that plaintiff must already have knowledge of the matters involved since he has set them forth in his complaint and sworn thereto without qualification and not on information and belief. We do not believe, however, under the circumstances of this case that the form of the affidavit is of much significance in view of the generality of the averments of the complaint, coupled with the other allegations of that pleading as to the time the accident occurred and the subsequent disability of plaintiff which may well have combined to prevent an accurate observation at the time or a subsequent prompt investigation of actual conditions under more favorable visual circumstances. While it is true, as pointed out by defendant, that some of the cases concerned with the question of the knowledge of the petitioner as indicated by his pleadings made reference to the form of the affidavit as on information and belief (Klosterman v. Clark, 78 D. & C. 263; Brecht et vir v. City of Philadelphia et al., 81 D. & C. 130); yet the latter case at least indicated that such factor was not controlling, the court observing, at page 133:

"The mere fact that a plaintiff alleges facts does not show or establish that he knows those facts or has means of obtaining them."

The circumstances of this case do not bring it within the rationale of such decisions as Byberg v. Lyman

Felheim Company et al., 81 D. & C. 417, and Schwartz v. American Home Renovating Co., Inc., 87 D. & C. 46, where the very detailed manner and particularity of pleading led inescapably to the conclusion that the party seeking discovery of such pleaded facts must have had knowledge thereof, in which case, of course, discovery was refused. Here, however, the complaint speaks only in general terms, averring the excavation "on said Broad Street" of a "large hole, or trench" and the negligent failure of defendant's employes "to erect a barricade around said hole, or to place lights illuminating said hole during hours of darkness". Plaintiff certainly would have to show more particularity than that pleaded to make out a prima facie case.

Nor do we believe that this question of knowledge is controlled by the fact that plaintiff was present and an actual participant in the incident in suit since, as already observed, it is quite possible that he may have no knowledge or means of proof of the physical surrounding circumstances. In this respect, the situation is distinguishable from those wherein discovery was properly refused of operative facts obviously within the knowledge of petitioner by reason of his presence at the scene, or of the existence of physical conditions patently known by the person in possession of the premises in question: Singer et vir v. Kitty Kelly Market Street Corporation, 81 D. & C. 383; Barlow v. Waples, 82 D. & C. 1; Pollock v. Simon, 85 D. & C. 118; Harris v. Sun Ray Drug Company, 86 D. & C. 42; Franco v. Riddle, 86 D. & C. 79.

Defendant's further objection that the information sought in these three interrogatories is unnecessary for plaintiff to prove a prima facie claim is also without merit. We do not intend to attempt to define the term "prima facie claim" and fully subscribe to the comment of Judge Mawhinney in Regency Clothes, Inc., v. Progressive Clothes, Inc., 78 D. & C. 450, 451,

that the preliminary determination of that question is at best "an educated guess". See also Hainsworth v. Mount, 81 D. & C. 181, 187. Suffice it to say that we believe the interrogatories under consideration are proper under Pa. R. C. P. 4007(*b*) and are not clearly interdicted by Pa. R. C. P. 4011(*c*) (4) nor by the line of cases holding that discovery may not be had merely to obtain an advance statement of the opponent's intended position or version at trial, such as Viscusi v. Pidgeon, 80 D. & C. 574; Barlow v. Waples, 82 D. & C. 1; Pollock v. Simon, 85 D. & C. 118; Schwartz v. American Home Renovating Co., Inc., 87 D. & C. 46. Rather, we conclude that such information as defendant may have on the physical circumstances involved should be furnished plaintiff under the principles announced in analogous situations under these Rules of Civil Procedure in such cases as Klosterman v. Clark, 78 D. & C. 263, where discovery was permitted as to a possible manner in which a sidewalk became defective; Brecht et vir v. City of Philadelphia et al., 81 D. & C. 130, where interrogatories relating to precautionary measures taken by the city after the accident in suit were allowed; Pennsylvania Telephone Corporation v. Peoples Natural Gas Company, 82 D. & C. 606, where questions relating to ownership, installation, maintenance and inspection of gas lines were held authorized in a suit for damages from a gas explosion; Drawbaugh, Admx., v. Pennsylvania Power & Light Company, 84 D. & C. 209, where information relating, inter alia, to warnings given by defendant of danger from its electric lines in connection with a highway construction operation was authorized; Perry v. Niedringhaus et ux., 85 D. & C. 112, where length of time of ownership and prior complaints of the alleged defective condition of a grating were considered proper matters for discovery in a suit for in-

juries resulting from the collapse of the grating; Yoffee, Admr., v. Pennsylvania Power and Light Company, 86 D. & C. 276, where in a death action it was claimed that decedent had collided with defendant's electric transmission line while piloting an airplane and plaintiff was permitted discovery as to the manner in which the line was marked to make the location thereof known to airplane pilots.

Similar observations apply to the sixth interrogatory which asks for the date and time of the commencement of the excavation. Additional questions of relevancy and admissibility are raised in connection therewith. These objections may be disposed of by quoting from the opinion in Brecht et vir v. City of Philadelphia et al., 81 D. & C. 130, 132, where the matter in controversy was information as to precautionary measures taken after the accident:

"Since relevancy is the real ground for barring such evidence at trial, we must carefully follow the path charted for us in ruling on questions of relevance at this stage of the instant proceedings contained in Rule 4011(c)(1). That rule prohibits discovery of facts 'which are not relevant and material to *the subject matter* of the pending action' (Italics supplied). We are not constrained to prohibit discovery of facts not relevant to *the issues* in the case at this time. The broader scope of the rule is in recognition of the fact that in many cases the issues involved may not be clearly defined at this early stage of litigation. We are not convinced that the facts sought to be discovered are irrelevant within the meaning of the rule."

Similarly, in the case at bar, the length of time that the excavation may have been open upon the street cannot be clearly said at this stage of the case to be irrelevant to the broad subject matter of the suit (as contrasted with the more restricted *issues* raised by

the pleadings), nor, since questions of notice may conceivably be involved, can that factor be said to be inadmissible as evidence as a matter of law at this time.

The seventh, eighth and ninth interrogatories seek the names and whereabouts of witnesses, a matter which defendant admits is generally a proper subject of discovery (Pa. R. C. P. 4007(a)), subject to safeguards within the discretion of the court, but not subject to the limitations of Pa. R. C. P. 4011(c) : Kuhlman Electric Co. v. Donegal Manufacturing Corp., 81 D. & C. 12; Brecht et vir v. City of Philadelphia et al., 81 D. & C. 130; Franco v. Riddle et al., 86 D. & C. 79. Defendant, however, objects to the seventh and ninth questions, agreeing, on the other hand, to answer the eighth, which requests the names and whereabouts of all witnesses known to it who saw plaintiff fall into the ditch. The seventh interrogatory is as follows:

"7. What are the names and present whereabouts of all witnesses known to you to have been present on Broad Street, in the Borough of Quakertown, Pennsylvania, at or near the location of the aforementioned ditch on October 9, 1951?"

We agree with defendant's position that this question is so broadly and indefinitely phrased as to impose unreasonable annoyance, embarrassment and possible expense upon defendant: Pa. R. C. P. 4011(b). While the question ostensibly asks only for such witnesses as are known to defendant, yet it must be remembered that defendant is a municipal corporation which might be chargeable with notice and knowledge of many and various of its agents and employes, any one of whom might know of a person or persons who might be said to have been "at or near" the locus at some time during the 24-hour day of October 9, 1951, yet would have knowledge of no facts possibly relevant to this suit. To require defendant to investigate and collect all such information would be totally unreason-

able and to a large extent would quite probably serve no useful purpose even for plaintiff.

The ninth and last interrogatory is as follows:

"9. What is the name and whereabouts of the employe of the Borough of Quakertown who was in direct charge and control of the excavation of the aforementioned ditch on October 9, 1951?"

Defendant objects to this on the ground that it involves a conclusion of law. Discovery of matters of opinion or conclusion is not permissible: Fetterolf v. Levick, 80 D. & C. 523, 526 (X-ray readings); Hainsworth v. Mount, 81 D. & C. 181 (legal conclusions relating to questions of negligence); Ender v. United Cigar-Whelan Stores Corporation, 84 D. & C. 478 (X-ray readings); Yoffee, Admr., v. Pennsylvania Power and Light Company, 86 D. & C. 276, 281 (deliberations of corporate officers). Since the words "direct charge" and "control" necessarily involve conclusions at least of fact if not of law, we believe defendant's objection is well taken. Possibly plaintiff can meet the criticisms since defendant in its statement of objections indicated its willingness to answer an interrogatory properly worded.

While no question has been raised with respect thereto, we call attention to the fact that plaintiff's petition for discovery does not meet the implied requirement of Pa. R. C. P. 4012(c) that there be filed therewith a proposed form of order. Since counsel for defendant has had no opportunity to make known any objections which he may have as to the form thereof, we will require plaintiff's attorney to prepare a suitable order in accordance with the views herein expressed and submit it upon five days' notice to counsel for defendant as provided by said rule. For possible forms of such order, see Fetterolf v. Levick, 80 D. & C. 523, 527, and Goodrich-Amram Procedural Rules Service, sec. 4012(c) 13.

*Order*

And now, April 23, 1954, for the reasons stated in the foregoing opinion, plaintiff's petition for allowance of written interrogatories to defendant is approved with respect to interrogatories numbered 2, 3, 4, 6 and 8, and disapproved with respect to interrogatories numbered 1, 5, 7 and 9. Counsel for plaintiff will prepare an appropriate order in accordance with the views stated above and submit it on five days' notice to counsel for defendant.